LOUIE A. MILLER, administratrix, *vs.* MARGARET A. F. PRESCOTT.

Suffolk.    December 12, 1894. — January 4, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Landlord and Tenant — Breach of Covenant in Lease — Waiver of Breach.*

An unlawful use of premises by a sub-tenant is a breach of the covenant in a lease of the premises not to "make or suffer" any unlawful use of the premises, whether known by the lessee or not.

The acceptance, after the breach of a covenant in a lease of premises known to the lessor, of rent already accrued, accompanied by an express agreement that the breach is not thereby waived, does not affect the right of the lessor to enter for such breach.

EJECTMENT, by the administratrix with the will annexed of the estate of Herbert W. Miller, to recover the residue of a term of a lease, made by the defendant to the testator, of certain premises on Howard Street in Boston, and damages for withholding the same.    Trial in this court, before *Holmes*, J., who, at the plaintiff's request, reported the case for the consideration of the full court.    If either of certain rulings was wrong, there was to be a new trial; otherwise, judgment was to be entered for the defendant.    The facts sufficiently appear in the opinion.

*W. C. Wait*, for the plaintiff.

*W. D. Turner*, for the defendant.

KNOWLTON, J.    The plaintiff's testator, who was the lessee of the real estate described in the writ, entered into a covenant not to "make or suffer any waste, or any unlawful, improper, or offensive use of the said premises."    By the terms of the report, judgment was to be entered for the defendant unless there was error in one of the two following rulings : first, "that unlawful use of the premises by a sub-tenant was a breach of the covenants and conditions of the lease, whether known by the plaintiff or her testator or not"; secondly, "that if the rent for the months in question was paid over and received according to the receipts put in evidence marked Exhibit 2, that would not amount to a waiver, of breaches then known to the defendant."    On these receipts for accrued rent was the following indorsement:

" The receipt of this rent is not to waive any breach of the covenant and conditions of the lease on the Howard Street estate."

The covenant referred to is a covenant concerning land, and affecting the mode of enjoyment of it. Such a covenant runs with the land, and is binding upon persons who are in privity of estate with the covenantee. It is intended for the protection of the lessor, and he may enforce it directly against the original lessee or against an assignee of the lease. If there is no assignment of the lease, but a subletting of the whole or a part of the premises for a time less than the remainder of the term, so that no privity of estate is created between the lessor and the sub-tenant, the covenant would be ineffectual for the lessor's protection if he could not proceed on the ground that it applies as well to an unlawful use by a sub-tenant as by the original lessee. We are of opinion that the agreement not to " make or suffer " an unlawful use of the premises must be interpreted as a stipulation that there shall be no unlawful use by the original lessee, or by any person who is occupying under him. It is easy for the lessee to control the use of the property, and to protect the interests of the lessor and of himself in this particular. With this interpretation effect is given to the word " suffer." It may not be reasonable to hold that the covenant makes the lessee liable for an unlawful use of the property by trespassers ; but he may well be held to " suffer " an unlawful use of the property if he does not take effectual measures to prevent such a use by those who occupy by his authority. The adjudication in *Wheeler* v. *Earle*, 5 Cush. 31, fully covers the ruling now in question.

The acceptance of rent already accrued, accompanied by an express agreement that the breach of condition was not thereby waived, did not affect the right of the lessor to enter for a breach of the condition. *Kimball* v. *Rowland*, 6 Gray, 224. There was nothing necessarily inconsistent between the acceptance of rent due and the enforcement of the right to enter. There was no error in the rulings at the trial.

*Judgment for the defendant.*