LEO SAXENEY *vs.* ANDREW G. PANIS & others.

Middlesex.   March 18, 22, 1921. — June 3, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Landlord and Tenant*, Assignment of lease, Covenant of renewal, Waiver of breach.
   *Partnership.  Waiver.*

If, after one of two partners, who are the lessees in a lease containing a covenant prohibiting the assignment of the lease or the subletting of the premises by the lessee without the consent in writing by the lessor, has become one of several purchasers of the lessor's interest, has retired from the partnership and has sold his interest as lessee to his former partner, the former partner associates new partners with himself and the new partnership, with the knowledge of the owners, continues to occupy the premises and to pay the rent, the owners cannot successfully contend, in a suit by the former partner to enforce a right of renewal given in the lease to the lessees and their assigns, that the lease has been terminated by a breach of the covenant against assigning and subletting.

Acceptance by a landlord of rent under a lease with knowledge on his part of a previous breach of the lease by the tenant constitutes a waiver of rights due to the breach unless the lease provides otherwise.

BILL IN EQUITY, filed in the Superior Court on August 29, 1919, by an alleged assignee of a lease against the owners of the leased premises for specific performance of a covenant of renewal contained in the lease.

In the Superior Court the suit was referred to a master, who filed a report to which no objection or exception was taken. Material facts found by the master are described in the opinion. Later the suit was heard by *Sisk*, J., by whose order an interlocutory

decree was entered with the consent of the parties confirming the master's report, and later by *Wait*, J., by whose order a final decree was entered dismissing the bill. The plaintiff appealed.

*P. J. Sondheim*, for the plaintiff.

*J. A. Dennison & R. Gallagher*, for the defendants, submitted a brief.

JENNEY, J. On June 1, 1914, the Twenty Five Associates of Roxbury, Inc., leased premises in Arlington, Massachusetts, for a term of five years from May 31, 1914, to Andrew Panis and Leo Saxeney who were partners. The lease contained a covenant on the part of the lessees against assignment or underletting in whole or in part "without first obtaining on each occasion the consent in writing of the lessor." The lease provided that the lessees should have at its expiration a right of renewal for the term of five years. This suit was brought by Saxeney alone to enforce the renewal of the lease.

On January 31, 1919, Panis, James N. Skende and George V. Conda became the owners of the land and building of which the leasehold was a part. The plaintiff knew that this purchase was contemplated and declined to join therein. The partnership between Panis and Saxeney was dissolved on March 7, 1919, and Panis sold to Saxeney his interest in its assets including his interest in the lease. From March 7, 1919, to the time when the suit was heard, the business formerly conducted in the premises described in the lease had been carried on therein by a partnership composed of the plaintiff and four others. The defendants knew of the existence of and occupation by this partnership from on or about the time it was formed. The rent was payable monthly in advance. The plaintiff paid the amount fixed in the lease on or about April 1, 1919, and on May 1, 1919, as rent for the months of April and May respectively. The last payment was made by a check of the new partnership payable to Panis, who gave a receipt therefor running to Saxeney. The rent thereby was paid for the remainder of the term of the lease. See *Davenport* v. *The Queen*, 3 App. Cas. 115.

On May 23, 1919, the partners as such duly notified the defendants that they elected to renew the lease under the provisions thereof. The master's report contains no finding that Saxeney had made an assignment to his partners of any interest in the

lease, and it does not purport to state all the evidence on that subject. Hence it cannot be assumed that an assignment existed. The defendants on May 27, 1919, declined to give a renewal because they had not consented to an assignment of the lease to said partners, and also because of other, unstated reasons. On the day following, the plaintiff notified the defendants that he elected to renew the lease in accordance with the provisions relating to renewal. The defendants on June 3, 1919, refused this application, stating as a reason therefor that they never had consented to the assignment of the lease to the plaintiff, and further that there were other reasons for their declination which, however, they did not give; and, the original lease having then expired, they notified the plaintiff to vacate the premises. No entry to terminate the lease had been made. The defendants did not decide to refuse a renewal of the lease until May 27, 1919.

At the hearing it was agreed, and the master finds, that "the taking in of partners without the consent of the defendants, as successors in title to the original lessee, is the breach of the lease claimed and relied upon" by the defendants. The same kind of business was carried on by the new partnership as had been by the original lessees.

The lease provided that the word "lessee" should include executors, administrators and assigns of the lessee when the context so admits. The right of renewal by this express provision ran with the land and would vest in an assignee of the lease where the assignment had been made with the lessor's written consent, or with the consent of those standing in its position. *Hollywood* v. *First Parish in Brockton,* 192 Mass. 269. *Peters* v. *Stone,* 193 Mass. 179, 186. *Lamson* v. *Coulson,* 234 Mass. 288. *Robinson* v. *Perry,* 21 Ga. 183. *Barbee* v. *Breenberg,* 144 N. C. 430.

An assignment of interest in a lease by one of two lessees to the other is a breach of a covenant against assignment, although the lessees were partners; and if not waived is a defence to an action upon a covenant of renewal. *Varley* v. *Coppard,* L. R. 7 C. P. 505. *Loveless* v. *Fitzgerald,* 42 Canada Sup. Ct. 254. *Emery* v. *Hill,* 67 N. H. 330. If the assignment from Panis to Saxeney was or became valid against the landlord, Saxeney is entitled to enforce the provision of the lease providing for a

renewal unless he has lost that right by permitting his partners to enter into possession jointly with him.

The defendants cannot successfully contend that this assignment terminated the plaintiff's interest in the leasehold. When the case was heard it was agreed, as already stated, that the taking in of partners was the breach of the lease relied upon. This agreement is inconsistent with a claim that the assignment between the original lessees constituted a breach of the conditions of the lease. A lease is not determined by an assignment made in contravention of its terms. Such a covenant is made solely for the "benefit of the lessor or his assigns, and he or they only can take advantage of it and terminate the estate demised by an entry for breach of the condition. No such entry being shown, the lease still subsists in full force, and the estates existing under it continue according to the terms of their creation." *Shumway* v. *Collins*, 6 Gray, 227, 230. *Bartlett* v. *Greenleaf*, 11 Gray, 98. *Guild* v. *Richards*, 16 Gray, 309. See Gray, Restraints on Alienation (2d ed.), §§ 101 note, 278. Apart from express provisions to the contrary in the lease, a landlord who has waived his right to terminate a lease because of breach of its covenants, cannot refuse to comply with the covenant of renewal contained therein. *Garnhart* v. *Finney*, 40 Mo. 449. The cases in which it has been held that the violation of covenants in a lease, although waived, prevents the exercise of a right of renewal do not apply. They are based on the provisions of the leases there considered and not here found, which made the compliance with the terms of the lease a condition precedent to a renewal. See *Finch* v. *Underwood*, 2 Ch. D. 310; *Bastin* v. *Bidwell*, 18 Ch. D. 238.

If we assume without deciding that, when Saxeney associated with himself four persons as partners and with them carried on the former business in the leasehold premises, it was violation of the covenant against underletting, the breach does not avail the defendants, because the receipt of rent thereafter was a waiver of the breach if received with knowledge of the violation and without reservation. *Porter* v. *Merrill*, 124 Mass. 534. *Miller* v. *Prescott*, 163 Mass. 12. *Carpenter* v. *Pocasset Manuf. Co.* 180 Mass. 130. *Kenny* v. *Seu Si Lun*, 101 Minn. 253. As to effect of a reservation, see *Miller* v. *Prescott, supra; Davenport* v. *The Queen, supra.* 11 Ann. Cas. 62 note; 11 L. R. A. (N. S.) 831; 16 R. C. L. 1132.,

The plaintiff is entitled to a decree for the specific performance of the covenant of renewal, and the decree dismissing the bill must be reversed with costs.

*Ordered accordingly.*