THE WHITEHOUSE RESTAURANT, INC., & others, *vs.*
EDWARD J. HOFFMAN & another.

Middlesex.   May 14, 1946. — September 13, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant*, Waiver of breach.   *Waiver. Notice. Evidence,*
   Matter of common knowledge.

It is a matter of common knowledge that commercial banks ordinarily do not return to the drawer a check cashed at the beginning of a month until the first day of the following month or thereafter.

The fact that the owner of real estate subject to a lease, upon cashing at the beginning of a month a check seasonably given him for rent accruing after breaches of covenants by the holder of the leasehold of which the owner knew, wrote under his indorsement, "This check and/or the proceeds thereof are received without waiving any breaches previously committed by [the] lessee and all rights are expressly reserved by [the] lessor," did not show a seasonable notice to the

holder of the leasehold that the owner reserved his right to enter and terminate the lease for the breaches nor prevent the owner's being held to have waived the breaches by acceptance of the rent, where it did not appear that there was any variation by the drawee bank of the custom of banks not to return to drawers until after the end of a month checks cashed during that month.

BILL IN EQUITY, filed in the Superior Court on December 13, 1945.

The suit was heard by *Cabot*, J.

*A. Black*, for the defendants.

*S. W. Gaffer*, for The Whitehouse Restaurant, Inc.

SPALDING, J.   The plaintiff [1] brings this bill in equity under G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, seeking a declaration of the rights of the parties with respect to a lease, and to enjoin the defendant [2] from interfering with the plaintiff's quiet use and enjoyment of the leased premises.   From a final decree establishing that the defendant had no right to enter the premises occupied by the plaintiff and enjoining him from doing so the defendant appealed.

The evidence is reported and the judge filed findings of fact.   Those facts together with others that we find (see *Lowell Bar Association* v. *Loeb*, 315 Mass. 176, 178) may be summarized as follows: On November 17, 1943, the Progressive Workmen's Credit Union, which then owned a building located at 423 Main Street, Malden, leased the ground floor and basement thereof to Danny J. Urany and Paul Frangos "for the purposes of conducting a restaurant or lunchroom."   The lease [3] was to run for five years with an option in the lessees to renew it for an additional five years.   The plaintiff became the owner of this leasehold interest by an assignment which was assented to by the lessor.   The defendant, as he is trustee of the Eddy Realty Trust, now owns the fee in the premises, having acquired it by conveyance on June 15, 1945.

---

[1] The corporate plaintiff will be referred to herein as the plaintiff.   The bill was dismissed as to the individual plaintiffs and no appeal was taken.

[2] Edward J. Hoffman was sued both as an individual and as trustee of the Eddy Realty Trust and will be referred to herein as the defendant.

[3] The lease was recorded on November 19, 1943.

By the terms of the lease, the lessees covenanted that they would not assign the lease nor underlet the whole or any part of the premises without the written consent of the lessor, and that they would not make any use of the premises "which shall be unlawful, improper, noisy, or offensive, or contrary to any law of the Commonwealth or ordinance or by-law for the time being in force, of the city or town in which the premises are situated." The principal contention of the defendant is that these covenants have been broken by the plaintiff and that he is now entitled under the provisions of the lease to enter upon the premises and terminate the lease. [1]

The judge found that in November of 1945 the plaintiff allowed the premises "to become so filthy that it became an offensive use" but that by the end of the month it had entirely cleaned up the premises. It also appears that for some months prior to December, 1945, the plaintiff, without the lessor's consent, had entered into an arrangement with the Magrath Taxi Company whereby for the sum of $20 per month it permitted the latter to install and maintain a telephone on the wall at the entrance to the restaurant which it used in connection with its taxi business. However, by the end of November this arrangement had been terminated. The judge ruled that this constituted a breach of the covenant against subletting.

The rent reserved under the lease was $200 a month payable in advance on the first day of each month. The rent for December, 1945, was paid by a check dated November 30, 1945, and was cashed by the defendant the next day, and the rent for January was paid by a check dated December 26, 1945, which was cashed by the defendant on January 14, 1946. On both checks the defendant wrote above his indorsement: "This check and/or the proceeds thereof are received without waiving any breaches previously committed by [the] lessee and all rights are expressly reserved by [the] lessor." The judge found that "at the time the

---

[1] The lease provides that in the event the lessees shall fail to perform any of its covenants the lessor may enter upon the premises and terminate the lease.

defendant accepted and cashed these checks he knew of the previous breaches by the lessee and that the conditions constituting those breaches no longer existed" — a finding that is amply warranted by the evidence — and ruled that the "defendant by thus accepting the December rent waived his right to reënter for breach of covenant."

The decree in the court below was right. The judge's finding that the plaintiff failed to observe the covenant not to use the premises in an unlawful or offensive manner is warranted by the evidence and is not challenged by the plaintiff. Whether the arrangement between the plaintiff and the taxi company was a subletting in violation of the lease, as the judge ruled, or was merely a license to go on the premises for a designated purpose (see *Lowell* v. *Strahan*, 145 Mass. 1; *Albiani* v. *Evening Traveler Co.* 220 Mass. 20, 25; *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54) need not be decided. If we assume in the defendant's favor that the plaintiff violated the covenant against subletting, he is not entitled to terminate it for the reasons presently to be discussed.

Where a lessor with knowledge of a lessee's breach of a covenant accepts from him, without reservation, rent accruing thereafter, he thereby waives his right to enforce a forfeiture for that cause. *O'Keefe* v. *Kennedy*, 3 Cush. 325, 328. *Nelson Theatre Co.* v. *Nelson*, 216 Mass. 30, 34. *London* v. *Tebo*, 246 Mass. 360, 362. *Paeff* v. *Hawkins-Washington Realty Co. Inc.*, *ante*, 144. The defendant, however, contends that he did not waive the forfeiture under the lease since he expressly reserved his rights by his indorsement on the check of November 30 which was accepted in payment of the rent for December. This contention cannot prevail. We assume that the defendant could accept rent subsequently accruing without waiving his right to enforce a forfeiture for a past breach of condition of the lease if he seasonably notified the plaintiff that he was reserving his rights. See *Kimball* v. *Rowland*, 6 Gray, 224, 226; *Wilkinson* v. *Blount Manuf. Co.* 169 Mass. 374, 377. Compare *Davenport* v. *The Queen*, 3 App. Cas. 115, 131–132. But that was not done here. It is common

knowledge that a check cashed at the beginning of the month is not ordinarily returned by the bank to the drawer until the first day of the following month or thereafter and there is nothing in the evidence to show that there was any departure from that custom here. Thus the plaintiff could not have had notice of the defendant's reservation of rights prior to January 1, 1946, or one month after the check was received. We are of opinion that the defendant failed to notify the plaintiff seasonably of his reservation of rights and that the acceptance of the rent operated as a waiver of the breaches of the covenants in the lease.

Other questions argued by the defendant but not discussed in this opinion have not been overlooked; we find nothing in them that requires discussion.

*Decree affirmed with costs.*