WILLIAM P. JONES & another *vs.* SAMUEL L. WEBB.

Suffolk. January 8, 1947. — January 30, 1947.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant,* Waiver, Tenancy at will, Termination of tenancy, Notice. *Waiver. Notice.*

A grantee of premises which previously had been subject to a tenancy at will waived a notice to quit given after he received title and was precluded from maintaining an action to recover possession based on the notice, where it appeared that, both before and after the commencement of the action, he had accepted checks, each of which he knew was for payment of rent in advance for a rental period subsequent to the date of termination of the tenancy specified in the notice, and had indorsed and deposited each check for collection before the end of the rental period to which it related.

SUMMARY PROCESS. Writ in the Municipal Court of the West Roxbury District of the City of Boston dated March 13, 1945.

Upon appeal to the Superior Court, the action was heard by *Beaudreau*, J., without a jury.

*J. C. Webb*, (*I. N. Samuels* with him,) for the defendant.

*A. M. McDonough*, for the plaintiffs.

WILKINS, J. This is an action to recover possession of a second story apartment at 33 Baldwin Street, Boston. G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1941, c. 242, § 1. The judge found for the plaintiffs "for possession." The defendant excepted to the denial of certain of his requests for rulings. Two of these were: "2. On all the evidence the law requires a finding for the defendant." "5. The acceptance of rent by the plaintiffs after January 1, 1945, was an admission of the continuance of the tenancy and a waiver of the notice."

The facts material to this question are not in dispute. The premises had been occupied by the defendant as tenant of The Equitable Life Assurance Society of the United States, first, beginning October 1, 1937, under an oral tenancy at will, and later, beginning May 1, 1941, on substantially the same terms under a written "monthly agreement," which provided for a rental of $33 payable on the first day of each month in advance and for termination "on the day of expiration of a designated monthly term" by either party on thirty days' written notice. By deed of August 4, 1944, The Equitable Life Assurance Society of the United States conveyed to the plaintiffs. This was a termination of the tenancy. *Strycharski* v. *Spillane*, *ante*, 382, 384, and cases cited. And both parties so concede in their arguments before us.

The plaintiffs, however, contend that the judge was warranted in finding that it was the defendant who became a tenant of the plaintiffs thereafter by reason of his staying on with their consent and the payment and receipt of rent at the same rate and upon the same rent days as before the sale. *Benton* v. *Williams*, 202 Mass. 189, 192–193. The defendant, on the other hand, contends, among other things, that the tenant subsequent to the sale was the defendant's son, Stanley L. Webb, whose checks in payment of the rent were received and cashed. It is unnecessary to detail the

facts which first caused the plaintiffs to send a written notice of termination to the son on August 15, 1944, and another such notice to the defendant under date of November 26, 1944. The plaintiffs rely here upon the latter notice, which was to vacate "on or before January 1st, 1945," and for the purposes of this case we assume it to have been a valid notice. Thereafter monthly checks drawn upon the First National Bank, Aberdeen, Maryland, each for $33, payable to the plaintiffs, bearing the printed name at the top of "Stanley L. Webb," and signed "Stanley L. Webb Power of Atty. Goldie R. Webb" (who was his mother and the wife of the defendant), were received, indorsed, and negotiated by the plaintiffs. The first such check relating to a period subsequent to the expiration of the notice was dated December 22, 1944, bore on the back above the plaintiffs' indorsements "Rent for the month of January to February 1–1945 Suite II. 33 Baldwin St. Mattapan, Mass.," bore under date of January 19, 1945, the stamped indorsement of a Boston bank, and showed the perforated indorsement of the drawee bank under date of January 23, 1945. The next two checks were dated January 31, 1945, and February 23, 1945, and respectively bore above the indorsements the statements that they were in payment of the February and March rent. Each was deposited for collection in a Boston bank and was paid by the drawee bank before the end of the month the rent for which each purported to pay. The writ in the present proceedings was dated March 13, 1945. The next check was dated March 29, 1945. Above the plaintiffs' indorsements appeared, "Within check is given & accepted in pay't of rent of premises known as 33 Baldwin St. Mattapan 26, Mass. for rent period beginning April 1 '45 ending April 30, 1945." The check bore the paying teller's stamp of a Boston bank dated March 31, 1945, and the perforated indorsement of the drawee bank was dated April 5, 1945. Another check dated April 20, 1945, with a similar statement above the indorsements that it was in payment of the May rent, bore the paying teller's stamp of a Boston bank dated April 27, 1945, and the perforated indorsement of the paying bank was May 1, 1945. The plaintiff Gill

testified that he knew the checks were in payment for rent of the premises and accepted them as such. The plaintiff Jones testified that he received and indorsed all the checks, and knew when indorsing them that they were in payment of the rent for the premises.

In the circumstances it is plain that the conduct of the plaintiffs was a waiver of the notice of November 26, 1944. "The acceptance of rent, as rent, for a time subsequent to the expiration of the notice, was an admission of the continuance of the tenancy, and a waiver of the notice." *Collins* v. *Canty*, 6 Cush. 415, 416. The plaintiffs insist that at no time did they accept the defendant, or his son, as a tenant, and stress the fact that they purchased for occupancy, gave notice of termination, and have continued to prosecute this action. These factors are inconsistent with their conscious acceptance of the various payments of rent in advance. Certain cases relied upon by the plaintiffs are to be distinguished. In *Kimball* v. *Rowland*, 6 Gray, 224, the rent received under protest was payable in arrears, and this court said, at page 226, "the money is his due, and he has a right to receive it, without barring his right to terminate the tenancy at will, which is the direct object of the suit." In *Newman* v. *Sussman*, 239 Mass. 283, there was a termination of a tenancy at will on October 31 by a sale of the property followed by a written notice of termination to the tenant, who on December 3, the day before the commencement of summary process, sent the owner a money order for the amount which had theretofore been payable in advance for the December rent. The owner retained the money order until the latter part of January, when, following a judgment in her favor in the District Court and the removal of the tenant from the premises, she collected it and thus received an amount sufficient to pay for the occupation of the premises during December. At page 286, it was said, "We think that the receipt of the money order for an amount equal to one month's rent in advance, the holding thereof until after said amount was due without any contingency and then cashing the same after the defendant had removed from the

premises, was not evidence sufficient to warrant a finding of the existence of a new tenancy. The occupation of the premises was not with the consent of the owner, but was against her protest while she was seeking to enforce her right of possession." In the case at bar five checks for the rent in advance for the months of January to May, inclusive, were received as such and negotiated by the plaintiffs before the end of each of the respective months and on no occasion at a time when the rent "was due without any contingency." Three of those checks were negotiated without any stated objection by the plaintiffs before any action to recover possession was begun. Unless there was a tenancy at will on the part of someone, be it the defendant or his son, the plaintiffs were not entitled to monthly payments of rent in advance, which was the only basis on which the checks rightfully could be received and negotiated. The acceptance of rent not due was necessarily inconsistent with the enforcement of the right to enter. Compare *Miller* v. *Prescott*, 163 Mass. 12, 13.

The denial of the defendant's requests numbered 2 and 5 was error.

*Exceptions sustained.*
*Judgment for the defendant.*