ELI YOFFE & another *vs.* KRASNOW WOOL STOCK CO.

Suffolk. December 3, 1947. — January 2, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant,* Termination of tenancy, Tenancy at will. *Words,* "Neglect or refusal."

A fourteen days' notice given by a landlord to a tenant at will to quit for alleged nonpayment of rent was ineffectual to terminate the tenancy where it appeared that the rent had been fully paid except for the rent due on the three previous rent days and that on each of those days the tenant had duly tendered the correct amount of rent but the landlord had refused to accept it: there had been no "neglect or refusal" to pay the rent within G. L. (Ter. Ed.) c. 186, § 12, as appearing in St. 1946, c. 202.

SUMMARY PROCESS. Writ in the District Court of Chelsea dated March 4, 1947.

Upon appeal to the Superior Court, the action was heard by *Cabot,* J.

*J. F. Sullivan,* for the defendant.

*J. Levy,* for the plaintiffs.

SPALDING, J. In this action of summary process, which was heard on a case stated, the judge in effect ordered judgment for the plaintiffs by finding "for the plaintiff[s] for possession." The defendant appealed. G. L. (Ter. Ed.) c. 231, § 96.

The facts material to the questions raised by this appeal are these: The plaintiffs are, and for a considerable period have been, the owners of a parcel of "nonresidential commercial real estate" located on the corner of Maple and Auburn streets in Chelsea. The defendant had occupied these premises under a lease from the plaintiffs which expired on April 1, 1945. Thereafter, the defendant entered into an oral agreement with the plaintiffs whereby it became a tenant at will at a monthly rental of $300 payable in advance on the first day of each month, and the defendant paid this sum to the plaintiffs every month "when and as due until October 1, 1946." On the first day of the months

of October, November and December the defendant duly tendered to the plaintiffs the monthly rent but the plaintiffs refused to accept it. These refusals were "due to the demand theretofore made by the plaintiffs, acting under a misapprehension of their rights so to do, that the defendant pay them for said months of October, November and December the sum of $500 per month." In November the plaintiffs, "acting under the aforesaid misapprehension," brought an action against the defendant to recover rent for October and November on the basis of $500 per month.

On December 7, 1946, the plaintiffs under G. L. (Ter. Ed.) c. 186, § 12, as appearing in St. 1946, c. 202, served upon the defendant a fourteen days' notice to quit the premises for nonpayment of rent. On December 27, 1946, an action of summary process to recover possession of the premises was begun by the plaintiffs. Four days later the defendant brought a bill in equity which, among other things, sought to enjoin the plaintiffs from prosecuting their actions at law.

On January 23, 1947, before the action of summary process was tried, the parties entered into an agreement to settle their differences, pursuant to which the actions at law and the suit in equity were dismissed without prejudice and the defendant paid the sum of $1,200 to the plaintiffs. [1] Between January 24 and January 27 the parties endeavored without success to reach an agreement on a new lease. On January 27 the plaintiffs served the following notice on the defendant: "You are hereby notified to quit and deliver up to us at the end of the rental month of your tenancy beginning next after the date hereof the premises consisting of the entire building together with the appurtenances thereof situated at the corner of Maple and Auburn streets and known as number 20 Maple Street and formerly known as number 210 Maple Street, all in the city of Chelsea, Massachusetts."

---

[1] The plaintiffs gave the defendant a receipt which read as follows: "January 23, 1947   Received of Krasnow Wool Stock Co.   Twelve hundred and no 100 Dollars   Re: As rental of 210 Maple Street, Chelsea, for the months of October, November and December, 1946, and January, 1947.   $1200. Eli Yoffe and Israel Yoffe   By their attorney, Jacob Levy."

On February 1, 1947, the defendant paid to the plaintiffs the sum of $300 for which, on the same date, the plaintiffs gave to the defendant a receipt which recited that it was received as "rental for the month of its tenancy beginning next after January 27, 1947." A tender of $300 was made by the defendant to the plaintiffs on March 1, 1947, in payment of the rent for that month, but it was refused by the plaintiffs who on March 4 instituted the present action of summary process.

The judge rightly ordered judgment for the plaintiffs.

The defendant at the arguments in this court conceded that if the original tenancy at will was in existence on January 27, 1947, the notice which was sent and received on that date was sufficient to terminate the tenancy, and that the notice was not waived by the subsequent acceptance of the February rent by the plaintiffs. See *Jones* v. *Webb,* 320 Mass. 702, 705–706. The defendant's position is, as we understand it, that the fourteen days' notice to quit served on December 7, 1946, brought the tenancy at will to an end and thereafter and on January 27, 1947, the defendant was a tenant at sufferance; that the notice of January 27 was ineffective since it was merely an attempt to terminate a tenancy at will which never existed; that on February 1, 1947, a new tenancy at will came into existence when the plaintiffs accepted the rent for February tendered by the defendant; and that this new tenancy has never been terminated in accordance with law.

The short answer to this argument is that the premise on which it rests is unsound. The original tenancy at will was not terminated by the notice of December 7. By G. L. (Ter. Ed.) c. 186, § 12, as appearing in St. 1946, c. 202, it is provided that "In case of *neglect* or *refusal* to pay the rent due from a tenant at will, fourteen days' notice to quit, given in writing by the landlord to the tenant, shall be sufficient to determine the tenancy" (emphasis supplied). A tenancy at will may be terminated by the fourteen days' notice to quit mentioned in § 12 if, and only if, there has been a "neglect or refusal to pay the rent due." Where a notice to quit does not rest on this ground the time of such

notice must be equal to the interval between rent days. G. L. (Ter. Ed.) c. 186, § 12, as appearing in St. 1946, c. 202. *Connors* v. *Wick,* 317 Mass. 628, 630–631. On December 7 when the plaintiffs sent their notice there had been no "neglect or refusal" on the part of the defendant to pay the rent due. The notice, therefore, never terminated the tenancy at will. *Strycharski* v. *Spillane,* 320 Mass. 382, 386. That tenancy was in existence on January 27 and was properly terminated by the notice given on that date. *U-Dryvit Auto Rental Co. Inc.* v. *Shaw,* 319 Mass. 684.

*Order for judgment affirmed.*