ANTHONY MASTRULLO & another vs. ROBERT B. RYAN.

Middlesex.   October 2, 1951. — April 9, 1952.

Present: QUA, C.J., WILKINS, SPALDING, & WILLIAMS, JJ.

*Evidence*, Judicial notice, Federal regulation.  *Waiver.   Landlord and Tenant*, Waiver.  *Practice, Civil*, Question of law or fact.

This court declined to take judicial notice of a regulation issued by the Federal housing expediter and published in the Federal Register where such regulation had not been brought to the attention of the trial court.

Payment by a tenant to his landlord of the rent for a certain month on the first day of that month and giving of a receipt therefor "without waiving any rights under" a previous notice to quit and a pending action for possession of the premises left the question of such waiver by the landlord one of fact, and it was error to rule as matter of law that there was no waiver.

SUMMARY PROCESS.  Writ in the Third District Court of Eastern Middlesex dated November 2, 1950.

Upon appeal to the Superior Court, the action was tried before *Morton*, J.

*J. J. Droney*, for the defendant, submitted a brief.

No argument nor brief for the plaintiffs.

WILKINS, J.  This is an action of summary process for the possession of residential premises in Cambridge.  G. L. (Ter. Ed.) c. 239, § 1, as amended by St. 1941, c. 242, § 1. The District Court judge found for the plaintiffs.  Upon appeal the judge in the Superior Court denied the defendant's motion for a directed verdict, and directed a verdict for the plaintiffs "because the rent for October, 1950, in consequence of the nonpayment of which this suit was brought, has never been paid."  The defendant excepted.

At the trial it was agreed that the premises were "controlled premises" under the housing and rent act of 1947. U. S. C. (1946 ed.) Sup. IV, Title 50, Appendix, § 1892. *Sher* v. *Perlman*, 324 Mass. 390, 391.  The defendant now

brings to our notice a regulation issued by the housing expediter providing that "No tenant shall be removed or evicted from housing accommodations by court process or otherwise" unless the landlord has given a prescribed notice to the tenant and to the area rent office. Title 24, c. VIII, of Part 825, rent regulations, § 825.6 (b) (1). 14 Fed. Reg. 1570, 1572. The evidence shows notice to the tenant under date of October 17, 1950, but nothing about filing a copy with the area rent office.

Regulations lawfully made by a Federal officer or board under authority granted by Congress, it has been said, become part of the "supreme law of the land." *Schaffer* v. *Leimberg*, 318 Mass. 396, 404–405. *Glover* v. *Mitchell*, 319 Mass. 1, 3. But this regulation was not introduced in evidence, and does not appear to have been shown to the judge. "The contents of the Federal Register shall be judicially noticed." U. S. C. (1946 ed.) Title 44, § 307. See *Green* v. *United States*, 176 Fed. (2d) 541, 544 (C. A. 1). For present purposes, we assume, but without deciding, that this statute is effective in trials in State courts. Although failure to bring a matter to the attention of the court below is not fatal to our taking notice of it for the first time in this court, *Walker* v. *Lloyd*, 295 Mass. 507, 510, we cannot be required to do so. *Hite* v. *Hite*, 301 Mass. 294, 298–299. *Donahue* v. *Dal, Inc.* 314 Mass. 460, 463. *Hiller* v. *American Telephone & Telegraph Co.* 324 Mass. 24, 27–28. In the present case, we think we should not take notice of the regulation. See *Finlay* v. *Eastern Racing Association, Inc.* 308 Mass. 20, 27. It is well known that the Federal Register is not easily accessible in all parts of this Commonwealth. As a result, many persons in "innocent ignorance" (*Federal Crop Ins. Co.* v. *Merrill*, 332 U. S. 380, 385) may be regulated in certain phases of their conduct from what, at best, will seem to them an administrative labyrinth. With that we have nothing to do. But we can, and do, hold that if a party to litigation in the courts of this Commonwealth cares to rely upon such a regulation, he must bring it to the notice of the trial judge. See *Edwards* v. *Carr*, 13 Gray, 234, 238. That

the trial judge does not require specifications of the grounds relied upon in a motion for a directed verdict, *Connors* v. *Wick*, 317 Mass. 628, 630, is beside the point.

The record is meager. There was evidence that on September 14, 1950, in the District Court, a finding was made for the "plaintiff" for possession in an action based on a "certificate relating to eviction." The defendant appealed and posted a cash bond in the amount of $300. G. L. (Ter. Ed.) c. 239, § 5, as appearing in St. 1946, c. 175, § 1. While that case was pending in the Superior Court, the area rent office authorized the rent to be increased from $25 to $52.25 a month, and the defendant neither paid nor offered to pay this rent. On October 17, 1950, the defendant was served with a fourteen day notice to quit for nonpayment of the October rent.

The judge found that the rent for November, 1950, was not paid, but that "the rents for September, 1950, and February, 1951, were paid in advance and received as rent under the statute for use and occupancy." There is no finding as to December, 1950. With respect to February, 1951, there was testimony that during December the "O. P. A. decreased the authorized rental to $32.50"; and that on February 1, 1951, while both cases were pending in the Superior Court, the plaintiffs accepted "one month's rent in cash" in the sum of $32.50 from the defendant. At that time a receipt was given as follows:

"February 1, 1951 Rec'd from Robert B. Ryan, $32.50 for rent of the premises numbered 11 Pleasant Place, Cambridge, for February 1951.

(Signed) Anthony Mastrullo
(Signed) Angelina Mastrullo

This rent is hereby accepted without waiving any rights under the written notice to vacate the premises and suit for possession."

The acceptance of rent already accrued and the giving of a receipt by the landlord declaring that he is not relinquishing his rights under a notice to quit or under a

pending action for possession may not amount to a waiver or election by him. *Kimball* v. *Rowland*, 6 Gray, 224. *Whitehouse Restaurant, Inc.* v. *Hoffman*, 320 Mass. 183, 186. See *Collins* v. *Canty*, 6 Cush. 415; *Miller* v. *Prescott*, 163 Mass. 12. But where rent is paid and received in advance, it is difficult to attribute such payment and acceptance to the indefinite period of future occupancy for which a tenant at sufferance is liable under G. L. (Ter. Ed.) c. 186, § 3. *Staples* v. *Collins*, 321 Mass. 449, 451. If there is nothing more than payment and acceptance, a tenancy at will is created. *Jones* v. *Webb*, 320 Mass. 702, 705–706. While the plaintiffs by their language sought to prevent a waiver, we think that it should not have been ruled as matter of law that they had done so merely by giving the receipt given here. It does not appear that the cash was held until after an occupation by the defendant for the month of February had been completed. See *Newman* v. *Sussman*, 239 Mass. 283, 286. It could not be ruled that they were not trying to pursue inconsistent remedies. In the circumstances whether there was a waiver was a question of fact. *Dennett* v. *Nesson*, 244 Mass. 299.

*Exceptions sustained.*