HAROLD GORDON *vs.* BEREL H. SALES.

Essex.   December 5, 1957. — February 12, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Landlord and Tenant,* Tenancy at will, Tenancy at sufferance, Rent. *Res Judicata.   Accord and Satisfaction.   Evidence,* Relevancy and materiality.

The adequacy of a notice given by a landlord to a tenant at will to terminate the tenancy was made res judicata by a judgment for the landlord in a subsequent action of summary process against the tenant. [36]

Where a tenancy was terminated and the former tenant continued to occupy the premises for some weeks, the mere act of the landlord of receiving from him, having certified, and holding without cashing checks for those weeks at the former rental rate did not require a ruling that a new tenancy at will had been created or that the checks were accepted as in settlement of a disputed claim for the use and occupancy. [36–37]

A tenant at will of real estate remaining in possession after a judgment for the landlord against him in an action of summary process and stay of execution became a tenant at sufferance. [37]

Evidence that the fair weekly rental value of premises was an amount higher than the weekly rent which had been paid by a tenant at will of the premises supported a finding for the landlord based on the higher amount in an action against the former tenant for use and occupancy after termination of the tenancy. [37]

CONTRACT.   Writ in the District Court of Southern Essex dated April 16, 1956.

The action was heard by *Johnson,* J., who found for the plaintiff in the sum of $84.   The Appellate Division ordered a report dismissed and the defendant appealed.

*Sumner H. Smith,* for the defendant.

No argument nor brief for the plaintiff.

WHITTEMORE, J.   The plaintiff sent the defendant, his tenant, a notice reading, "You are hereby notified that your tenancy of the premises at 24 Hanover Circle [Lynn] is terminated as of January 30, 1956.   Should you desire to remain a tenant, after said date the rent for the premises

will be forty (40) dollars per week." Thereafter the plaintiff recovered judgment in summary process proceedings, but execution was stayed. The defendant continued to occupy the premises and to pay, by check, the rent at the former rate of $18 per week for twelve weeks. The plaintiff certified the checks but had not cashed them at the time of the trial. This action to recover the fair rental value, under a declaration for use and occupancy, comes before us by the defendant's appeal from the decision of the Appellate Division, which, on report, determined that no prejudicial error had been committed on the issues presented. These issues were construed to be the correctness of certain rulings of the trial judge the substance of which is sufficiently indicated in following paragraphs.

The adequacy of the notice to terminate the tenancy (see *Maguire* v. *Haddad*, 325 Mass. 590) is not before us. The summary process proceedings made it res judicata that the tenancy was ended.

The certification of the checks did not require a ruling that a tenancy at will had been created even if the checks had been received weekly in advance which does not appear. *Newman* v. *Sussman*, 239 Mass. 283. *Mastrullo* v. *Ryan*, 328 Mass. 621, 624. While payment and acceptance of rent for a period in advance of occupancy, standing alone, are prima facie proof of the creation of a tenancy at will (*Staples* v. *Collins*, 321 Mass. 449, 451) and the fact of payment and acceptance is controlling if nothing else appears (*Jones* v. *Webb*, 320 Mass. 702) other facts may permit or require a finding that the landlord did not intend to waive his right to possession. In *Newman* v. *Sussman, supra,* a money order was received but not cashed and we said it was not evidence sufficient to warrant a finding of a new tenancy. In *Mastrullo* v. *Ryan, supra,* the acceptance of rent was accompanied by a statement that rights under a notice to quit were not waived and we held that whether there was a waiver was a question of fact.

The certification of the checks, we think, manifested an intent to have in the hand the equivalent of cash (see *United*

*States of America* v. *Commissioner of Banks,* 254 Mass. 173, 175), but the holding of the checks manifested an intent to abide the event as to the amount due.   There is no basis for implying an acceptance of the amount tendered as in settlement of a disputed claim.   See *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.* 216 Mass. 204, 208.

No error is shown in the admission of the testimony of a real estate expert on which the judge's finding for the plaintiff of $84 was based that the fair rental value of the premises was $25 per week, and in any event it does not appear that a claim for report was filed within five days as required by Rule 27 of the District Courts (1952).

After the summary process judgment and while the execution was stayed, the tenant was at sufferance (*Galjaard* v. *Day,* 325 Mass. 475) and liable for rent.   G. L. (Ter. Ed.) c. 186, § 3.   In *Goldman* v. *Shulkin,* 320 Mass. 161, 163, such a tenant was held liable at the prior rate.   In *Ghoti Estates, Inc.* v. *Freda's Capri Restaurant, Inc.* 332 Mass. 17, 26, it was ruled that such a tenant was "liable to pay for use and occupation . . . and the amount of rent reserved in the lease was properly used in evidence to prove the amount due. G. L. (Ter. Ed.) c. 186, § 5."   We think that, if the evidence supports a finding that the fair value is more than the prior rent, such increased amount may be awarded.   We intend no suggestion as to whether, if the old rent is at a rate higher than the fair value, a tenant wrongfully retaining possession need pay only at the lesser rate.

The decision of the Appellate Division ordering dismissal of the report is affirmed.

*So ordered.*