Goode *v.* Esterman.

STANLEY GOODE & another *vs.* JENNIE ESTERMAN.

Suffolk.    March 6, 1961. — May 2, 1961.

Present: WILKINS, C.J., WILLIAMS, WHITTEMORE, CUTTER,
& SPIEGEL, JJ.

*Landlord and Tenant,* Termination of tenancy, Creation of tenancy, Tenancy at will, Common stairway, Lights, Landlord's liability to tenant or one having his rights. *Res Judicata.*

Termination of a tenancy at will was made res judicata by a judgment for the landlord in an action of summary process against the tenant. [528]

After termination of a tenancy at will at the end of a month by notice, a finding that a new tenancy at will was created commencing on the first day of the next month was warranted where the landlord accepted payment in advance of the rent for that next month and the rent for the following month. [528]

A finding that the landlord of an apartment building was liable to a child of a tenant of an apartment therein for personal injuries alleged to have been sustained in a fall occurring because a light on a common stairway in the landlord's control was not operating was not warranted where there was no proof that the light had been operating at the commencement of the parent's tenancy some two months before the accident. [529]

TORT.    Writ in the Superior Court dated July 22, 1958.

The action was tried before *Meagher, J.*

*Sydney M. Davis,* (*Ralph Davis* with him,) for the plaintiffs.

*Sturtevant Burr,* (*James B. Winward* with him,) for the defendant.

SPIEGEL, J.    In this action of tort the plaintiff Stanley Goode, a minor, seeks to recover for personal injuries, and his mother, Fannie Goode, for consequential damages resulting·from his falling on a stairway leading to an apartment occupied by his mother, his sister, and himself on the third floor of a house owned by the defendant. At the close of the evidence verdicts were directed for the defendant. The case is before us on the plaintiffs' exceptions to

the allowance of the motion for directed verdicts and to the denial of the plaintiffs' requests for instructions to the jury.

The plaintiff Fannie Goode became a tenant at will of the defendant in 1954. This tenancy continued until sometime in 1958.

The defendant brought an action of summary process in the Municipal Court of the Dorchester District against the plaintiff Fannie Goode. On May 22, 1958, in those proceedings there was a finding for the plaintiff (the defendant in this case) for possession. Execution was stayed until September 1, 1958. We assume that the defendant gave notice to Fannie Goode that the tenancy would terminate at the end of April, 1958.

The defendant, through her husband, received a check dated April 1, 1958, for the April rent, a check dated May 1, 1958, for the May rent, and a check dated June 1, 1958, for the June rent. Whether any rent was paid in July is in dispute.

On July 7, 1958, the plaintiff Stanley Goode fell while reaching for the top step leading to the apartment and sustained personal injuries. The plaintiffs allege that the accident was due to the defendant's negligence in allowing a light in the stairway to become nonfunctional.

The tenancy at will begun in 1954 was terminated on April 30, 1958, the end of the notice period. The summary process proceedings made it res judicata that the tenancy was ended. *Gordon* v. *Sales,* 337 Mass. 35, 36. Considering the evidence in an aspect most favorable to the plaintiffs, it could have been found that a new tenancy at will was entered into between the plaintiff Fannie Goode and the defendant commencing May 1, 1958. See *Gordon* v. *Sales,* 337 Mass. 35, 36; *Mastrullo* v. *Ryan,* 328 Mass. 621, 624. It is a familiar principle of law that where a landlord retains control over a common area, he owes to a tenant the duty to use reasonable care to keep the common area in as good a condition as that in which it was or appeared to be at the time of the creation of the tenancy. *Goodman* v.

*Smith,* 340 Mass. 336, 338.   The plaintiffs have the burden of proof to show that the light was operating at the commencement of the new tenancy, May 1, 1958, and not operating at the time of the accident, July 7, 1958.   *Dias* v. *Woodrow, ante,* 218, 220.   As to this issue the plaintiffs' testimony is not clear.   At one point the plaintiff Fannie Goode testified that the "light worked properly until the landlord started to renovate the front hallway" (i.e. January, 1958).   The plaintiff Stanley Goode testified that the light fixture was "all loose and everything . . . [f]rom the time he [the defendant's husband] finished wallpapering until the accident," and that the last time he saw the light "working was about two months or one month before the accident."   The plaintiffs did not sustain their burden of proving that the allegedly negligent condition did not exist at the initiation of the new tenancy, and therefore verdicts were properly directed for the defendant. *Dias* v. *Woodrow, ante,* 218, 221.   Manifestly there is no need to discuss the denial of the plaintiffs' requests for instructions to the jury.

*Exceptions overruled.*