NATHAN ULLIAN & others *vs.* LES TUILERIES, INC. March 6, 1972. This is an action of summary process, G. L. c. 239, § 1, brought in the Municipal Court of the City of Boston to recover possession and appealed by the defendant to the Superior Court after a finding for the plaintiffs. The jury returned a verdict for the plaintiffs. The case is here on the defendant's exception to the denial of its motion for directed verdict. There was no error. The evidence was sufficient to permit jury findings that the defendant broke various covenants in the lease, that there was a proper entry for possession under the lease, and that a proper notice to quit for nonpayment of rent was given (G. L. c. 186, § 11; see *Oakes* v. *Munroe*, 8 Cush. 282, 285–288). Furthermore, the evidence was sufficient to permit a jury finding that the defendant failed to pay or tender "at least four days" before the return of the writ of summary process "*all rent then due*" so as to revive the tenancy. G. L. c. 186, § 11. The acceptance of rental payments by the lessors did not operate as a waiver since they seasonably gave notice that they did not intend to waive their rights in the action pending. *Kimball* v. *Rowland*, 6 Gray, 224, 226. *Mastrullo* v. *Ryan*, 328 Mass. 621, 623–624. See *Miller* v. *Prescott*, 163 Mass. 12, 13. Cf. *Whitehouse Restaurant, Inc.* v. *Hoffman*, 320 Mass. 183, 186. There is nothing in the defendant's argument that summary process was not the proper procedure to follow in this case. See *Oakes* v. *Munroe* 8 Cush. 282, 284–285.

*Exceptions overruled.*
*Double costs to be assessed.*

*Louis Kobrin*, for the defendant, submitted a brief.
*George M. Ford* for the plaintiffs.