ALVIN J. SLATER, trustee, *vs.* JOSEPH KRINSKY. February 20, 1981. Slater sought to evict his tenant, Krinsky, from certain premises in the building at 10 Tremont Street in Boston. Slater first filed a summary process action in the Boston Municipal Court (BMC no. 464151) based on a notice to quit for nonpayment of rent. While that action was pending Slater filed a second action in the same court (BMC no. 467590) based on a general notice to terminate. Krinsky sought to dismiss the second action on the ground of "the pendency of a prior action"; that motion was denied. Slater apparently recovered judgment in the first action and Krinsky appealed to the Superior Court pursuant to G. L. c. 239, § 5. Thereafter, a judge of the Superior Court permitted Slater to discontinue this action "without prejudice to . . . proceeding in the Boston Municipal Court . . . [on] no. 467590." Slater subsequently recovered a judgment for possession in the Boston Municipal Court on no. 467590. Krinsky again appealed to the Superior Court, where a judge allowed Slater's motion for summary judgment under Mass.R.Civ.P. 56(a), 365 Mass. 824 (1974), and entered a judgment for possession. Krinsky now asserts: (1) that it was error for the judge in the Boston Municipal Court to deny his motion to dismiss the second action; and (2) that a triable issue of fact existed on the question whether Slater had reinstated the tenancy by accepting and cashing Krinsky's rent checks after the notice to terminate had been served.

1. We will assume that Krinsky can challenge the propriety of the ruling by the Boston Municipal Court judge on the motion to dismiss in this appeal. We see no error in the ruling. The summary process actions were predicated on two different theories of possession as provided for in the first and third sentences of G. L. c. 186, § 12. Moreover, any threat of material prejudice to Krinsky was removed by the order in the Superior Court permitting the first action to be discontinued. Cf. G. L. c. 239, § 7; *Miller* v. *Campello,* 344 Mass. 76, 78-79 (1962); *Bermingham* v. *Thomas,* 3 Mass. App. Ct. 742 (1975).

2. Slater's general notice to terminate was served on October 27, 1978, and terminated the tenancy on December 1, 1978. Krinsky, a lawyer, thereafter made payments through November, 1979, by checks which were received and cashed by Slater. Slater endorsed each check prior to this negotiation with the endorsement: "[R]eceived for application to use and occupancy, tax and operating clause arrearages, and not as rent, reserving all rights under the notice to vacate for possession and otherwise." Slater also wrote three letters to Krinsky on February 20, July 6,

and August 27, 1979, accounting for the payments and expressly advising Krinsky that they were received for use and occupation and not as rent. The July 6, 1979, letter stated:

> "Incidentally, we have indicated before and reconfirm again, that any sums received from you will not under any circumstances be accepted as rent and will be held and applied for use and occupation only, reserving all rights to possession under notice to vacate and court actions. We do not have any excess sums in our hands at this time. Should you at any time hereafter send us money for an advance use and occupation period and should you then vacate voluntarily or pursuant to a court order or otherwise, we would return on a pro rata basis, if any sums become so due."

Krinsky contends, in light of these facts, that a triable issue existed on whether Slater had waived his rights. We do not agree.

A landlord's acceptance of rent for a time subsequent to the expiration of the notice to terminate, may constitute a waiver of the notice. See *Collins* v. *Canty*, 6 Cush. 415, 416 (1850); *Kimball* v. *Rowland*, 6 Gray 224, 226 (1856); *Jones* v. *Webb*, 320 Mass. 702, 705 (1947). But a waiver will not be found if the landlord "accepts such rent expressly reserving his rights; for the money is his due, and he has a right to receive it without barring his right to terminate the tenancy at will, which is the direct object of the suit." Hall, Massachusetts Law of Landlord and Tenant § 176 (4th ed. 1949). *Miller* v. *Prescott*, 163 Mass. 12, 13 (1895). *Yoffe* v. *Krasnoo Wool Stock Co.*, 322 Mass. 211, 213 (1948). We doubt that Slater could have done anything more than he did to protect his position and to indicate to Krinsky in unequivocal terms that the payments were being accepted without waiver of any rights conferred by the notice to terminate.

*Mastrullo* v. *Ryan*, 328 Mass. 621 (1952), relied on by Krinsky, is not controlling. That decision indicated that the question of waiver depends on the circumstances of the given case, and held, on its facts, that equivocal conduct by a landlord with respect to payment and reservation of rights created a triable issue on whether there was a waiver. *Id.* at 624. But "other facts may . . . require a finding that the landlord did not intend to waive his right to possession." *Gordon* v. *Sales*, 337 Mass. 35, 36 (1958). We consider the undisputed facts in this case as materially different from the situation discussed in the *Mastrullo* case. Slater, at all pertinent times, made clear to Krinsky that the payments would not create a new tenancy, that they were being applied to use and occupation, and that he (Slater) was continuing to pursue the remedy of eviction. See *Ullian* v. *Les Tuileries, Inc.*, 361 Mass. 863 (1972). In the circumstances, the case was an appropriate one for summary judgment on the issue of possession.

*Judgment affirmed.*

*Richard Krinsky* for the defendant.
*Joseph M. Cohen* for the plaintiff.