Pino, J.
This cause of action was brought by the plaintiff landlord to recover money for use and occupancy from the defendants who, prior to the time in issue, were tenants in the premises of the plaintiff as tenants at will until a notice of termination was sent dated April 29,1983.
The evidence which was offered by the plaintiff was provided by one witness, a manager of the plaintiff bank. In this capacity, he served as manager of the real estate in which these premises were located. He testifed that the defendants paid $1,700 per month for January through October, 1983. He also testified that the area measured 2500 square feet. It was agreed by the parties that no payments were made for the months of November and December, 1983 and January, February and March of 1984. The premises were vacated in the middle of March.
At the close of the plaintiffs case, the defendants filed a Motion to Dismiss. The motion was denied. The propriety of the denial is in issue.
The defendants presented an expert who testified that the fair rental market value of the premises was $8.00 per foot and that the fair rental value of the premises per month was $1,666.00.
The defendants also introduced evidence that the value of the premises as rental property was diminished due to acts or omissions by the plaintiff. The court found that the defendantshad not sustained their burden in proving there was a “constructive eviction” and entered a finding for the plaintiff on the defendants’ counterclaim.
The defendants, m this appeal, raise three issues, the propriety of denial of their motion to dismiss at the close of the plaintiffs case; the court’s rulings on the third and fifth of their requests for rulings:
3. “ Evidence of prior rentals is not competent evidence of fair market value of real estate.” The court ruled: “Denied as too fragmented and general statement of law.”
5. “ In the absence of competent expert testimony with reference to the market value of real estate, a landlord may recover only nominal damages for rent and/or use and occupancy of said premises.” The court ruled: “No ruling required as request is inapplicable to the facts.”
These issues are all interrelated insofar as they question the competency and weight of the evidence and the law which was applied by the trial judge.
The court in denying the defendants’ motion to dismiss relied upon the testimony of one witness as already set out. The evidence showed that the *79 defendants paid $1,700 per month through October, 1983,for use and occupancy. This was also the monthly rent during the period of the tenancy in 1982 and early 1983. It is agreed no payments were made from November 1, 1983 through the middle of March, 1984. The defendants at the time of hearing on the motion to dismiss and in their requests for rulings assert that the monthly payments in this case are not a proper consideration as a measure of the fair market rental value of the premises.
The defendants are in error. Certainly, there can be no allegation that the evidence introduced is remote or is not timely. The court’s ruling on Request #3 recognized, that under conditions such as appear in this case, the payments paid immediately prior to the time in question are competent and relevant. By her ruling, the trial judge recognized that evidence which is remote or deals with something more or less than the same premises for which payments were made would require exclusion of the evidence as not competent to determine fair market rental value. The request was too broadly drawn and was correctly denied.
The same cases which provide that prior payments maybe considered can be cited for the rule that expert testimony is not always required. The ruling of the court may be treated as a denial of the request. The defendants have argued the need for expert testimony but have not directed the court’s attention to any law or case that sustains its position.
The findings of the trial court show that the decision was made on findings of fact that there was a tenancy at will which was terminated by notice on April 29, 1983. The monthly rental was $1,700. The same amount was paid until November 1,1983. The court found an implied agreement to pay the said amount and that this constituted some evidence of fair market rental value. There was no error. Gordon v. Sales, 337 Mass. 35, 37; Goldman v. Shulkin, 320 Mass. 161, 163; Ghoti Estates, Inc. v. Freda’s Capri Restaurant, Inc., 332 Mass. 17, 26.
The defendants also allege they are aggrieved by the finding for the plaintiff on their counterclaim. It is clear that the court found that the defendants did not sustain their burden of proof and did not show that any acts or omissions of the plaintiff caused any diminution of the fair market rentalvalue of the premises.
Report dismissed.