## ANNA C. SNOW *vs.* CHARLES W. DYER.

Barnstable. December 6, 1900. — April 2, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

Under St. 1893, c. 396, § 25, a district court has no power to extend the time of twenty-four hours allowed by § 24 for taking an appeal to the Superior Court. It has power to extend the time for filing the bond required to perfect the appeal, but not beyond the next return day of the Superior Court. *Semble,* however, that when the party against whom a decision is to be made expresses an intention to appeal and a desire to have the time for filing the bond extended beyond the next return day, it is within the power of the district court in its discretion to postpone the formal entry of the judgment to a reasonable time, even to a time beyond the next return day, so that the proposed appellant then may be prepared to file his bond.

The provision of St. 1893, c. 396, § 25, permitting an extension of the time for filing the bond required on an appeal from a district court to the Superior Court, expressly excepts actions for forcible entry and detainer under Pub. Sts. c. 175, and in order to perfect an appeal in such an action the bond must be filed within the twenty-four hours allowed for taking the appeal.

Where an appeal from a district court to the Superior Court is not perfected by the filing of a bond within the required time, the Superior Court cannot affirm the judgment of the district court appealed from, having no jurisdiction because no appeal has been taken. Its jurisdiction is confined to cases where an appeal having been taken lawfully, the appellant fails to enter and prosecute it. But where no bond is filed in time, the judgment of the district court is not vacated, and application should be made to the Superior Court to dismiss the appeal for want of jurisdiction.

HAMMOND, J. This is an action of forcible entry and detainer under Pub. Sts. c. 175, brought in the Second District Court of Barnstable. There was a hearing before the court September 14, 1899, and the case was continued until the 29th of the same month, at which time judgment was entered for the plaintiff. On the same day the court passed an order extending

the time for appeal to October 10, 1899, on which day the appeal bond was filed ; and the record continues as follows : "And it was considered by the Court that the said plaintiff recover against the said defendant the sum of thirty-one dollars and seventy-four cents, costs of suit, from which said judgment the said defendant appealed to the Superior Court, next to be holden at Barnstable within and for the County of Barnstable, on the first Monday of November next, and filed a bond with sufficient sureties, in the sum of one hundred and fifty dollars to prosecute his said appeal." A strict interpretation of the record might seem to lead to the conclusion that there were two judgments, one of September 29, for possession, and one of October 10, for costs ; and that the appeal to the November sitting of the Superior Court was simply from the judgment as to costs. The appeal bond filed in court, however, recites that on September 29 the plaintiff recovered judgment for possession of the premises described in the writ, and also for $31.74 costs of suit. It is treated as one judgment, as it ought to have been. The bond further recites that the appeal from this judgment is to the November sitting of the Superior Court, "the time for appeal having been extended to Oct. 10th, 1899." We therefore regard the record as showing in substance one judgment, namely, that of September 29, the entry of October 10 as to costs being an extension simply of a part of the judgment of September 29 ; and the parties have argued the case upon that view.

On the first Monday of November, the defendant filed in the appellate court the proper papers, and on the same day the plaintiff filed there a complaint for affirmation of the judgment of the District Court upon the ground that the appellant had failed to enter and prosecute the appeal according to law. The case was continued until October 11, 1900, on which day the defendant filed a paper resisting the motion of the plaintiff for affirmance on the ground that the time for appeal had been extended by the consent of the counsel for the plaintiff. The court on that day granted the motion for affirmance and the defendant appealed. On November 5, 1900, judgment was entered for the plaintiff for possession and costs, and the defendant again appealed. The case is before us on these last two appeals.

The first question is whether the District Court could extend the time for appeal. It is plain that it could not. The time for appeal is fixed by the statute. Even where the time for filing the bond may be extended, the appeal must be taken "within twenty-four hours after the entry of judgment," and it must be to the Superior Court "then next to be held in the county," (St. 1893, c. 396, § 24; *McIniffe* v. *Wheelock*, 1 Gray, 600,) by which phrase is now meant the court held on the return .day next after the expiration of the said twenty-four hours. St. 1885, c. 384, § 5. It is contended, however, by the defendant, that, if the provisions of the statutes authorizing the extension of the time for filing a bond in the case of an appeal from a district court apply to any action of forcible entry and detainer, the appeal is not taken until the bond is filed; that the power to extend the time for filing the bond necessarily implies the power to extend the time for taking the appeal; and that, when the time for filing the bond is extended beyond the return day next after the expiration of twenty-four hours from the judgment, the appeal must be considered as taken to the court to be held on the return day next after the time of filing the bond. It is further contended by the defendant that if the above named statutes as to the time of filing the appeal bond do not apply, and it is held that such an appeal is regulated by the provisions of the sixth section of Pub. Sts. c. 175, then, inasmuch as no time is specified in that section within which the bond is to be filed, the time may be extended to any reasonable extent. Neither position is tenable.

If the Legislature had intended to give to the District Court the power to extend the time of appeal, it would have been likely to express such an intention in direct and plain language, especially when it was dealing with the subject of appeals in the very section immediately preceding. See St. 1893, c. 396, §§ 24, 25. Moreover, when an appeal is taken, the clerk must transmit the papers to the appellate court, so that they may be there on the proper return day. The reasonable construction of the provision for extending the time is that the time shall not be extended beyond the return day next after the expiration of the twenty-four hours after judgment. That makes all the provisions respecting the time of taking the appeal, the court to

which the appeal is taken, the filing of the bond, and the entry day of the appeal consistent with each other and with the plain language of the statute. . It sometimes happens that, after the court has announced the decision to which it has come, the party against whom the decision is to be made expresses an intention to appeal and a desire to have the time for filing the bond extended beyond the next return day. In such a case it is within the power of the court at its discretion to postpone the formal entry of the judgment to a reasonable time, even to a time beyond the next return day, so that the proposed appellant may be then prepared to file his bond. We have no doubt that in the exercise of a fair discretion this is frequently done, and to this course we see no legal objection.

We have thus far considered the case as if the provisions of the statutes authorizing an extension of the time for entering into a recognizance, or filing a bond, were applicable to the action of forcible entry and detainer. But it is plain that they are not applicable. They expressly exclude from their operation such actions. St. 1877, c. 236, § 1. Pub. Sts. c. 155, § 29; c. 154, § 39. St. 1893, c. 396, § 25. For many years it has been the policy of the Legislature to discourage appeals by the defendant in such an action, and such an appellant has been required to enter into a recognizance (since St. 1888, c. 325, to file a bond,) not only to pay the costs, but also to pay the rent due and to become due; St. 1825, c. 89, § 2; Rev. Sts. c. 104, § 10; and also the damage and loss sustained by the plaintiff by reason of the withholding of the demanded premises and by reason of any injury done thereto during the time of such withholding. St. 1848, c. 142. Gen. Sts. c. 137, § 9. Pub. Sts. c. 175, § 6. The reasons for such a policy are set forth in Davis v. Alden, 2 Gray, 309, and the exclusion of such an action from the operation of the statutes providing for the extension of the time of filing a bond is in accordance with it. In this class of actions, therefore, the law remains as before. The appeal must be taken within twenty-four hours and must be perfected within that time by the filing of a bond. Pub. Sts. c. 154, § 39; c. 155, §§ 28, 29.

In this case the appeal was not taken within twenty-four hours, and therefore there was no appeal; and the judgment of

the District Court was not vacated, but remained in full force. *Campbell* v. *Howard*, 5 Mass. 376. *Rice* v. *Nickerson*, 4 Allen, 66. Nor is there anything in the letter from the plaintiff's counsel to the defendant's counsel, dated September 18, 1899, which could be taken to be a consent that the court should extend the time for taking an appeal. It speaks only of the extension of time for filing the bond.

Under these circumstances the Superior Court had no power to affirm the judgment of the lower court. That power is confined to cases where, an appeal having been lawfully taken, the appellant fails to enter and prosecute his appeal. St. 1893, c. 396, § 30. In such a case, the judgment of the lower court having been vacated, the appellee may have it affirmed by the appellate court. The remedy of the appellee here was to move in the Superior Court that the appeal be dismissed upon the ground that it had not been legally taken, and that the court had no jurisdiction. If such a motion had been made, it doubtless would have been granted. But the court had no power to affirm the judgment of the District Court. The result is that the judgment of the Superior Court must be reversed. As the appeal was not legally taken and that court has no jurisdiction over the case, it is not too late to move there that the appeal from the District Court be dismissed.

*Judgment affirming judgment of District Court reversed.*

*W. O. Childs,* for the defendant.

*C. B. Snow, Jr.,* for the plaintiff.