M'LISS C. MEGLIOLA *vs.* MUNICIPAL COURT OF THE WEST ROXBURY DISTRICT OF THE CITY OF BOSTON.

Suffolk. January 3, 1938. — February 1, 1938.

Present: RUGG, C.J., QUA, DOLAN, & COX, JJ.

*Summary Process. Practice, Civil, Appeal.*

The offer of the bond required by §§ 5, 6, of G. L. (Ter. Ed.) c. 239 upon an appeal under c. 231, § 97, in an action of summary process is not the equivalent of a claim of appeal; the defendant must both claim an appeal and file the bond within twenty-four hours after the entry of judgment.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on May 22, 1937.

The petition was ordered dismissed by *Pierce*, J. The petitioner alleged exceptions.

*M. Rosenthal*, for the petitioner.

*R. Clapp*, Assistant Attorney General, for the respondent.

*J. L. Burns*, by leave of court, submitted a brief as *amicus curiae*.

DOLAN, J. This case comes before us on the exceptions of the petitioner to the action of a single justice of this court in entering an order, on motion of the respondent, that her petition be dismissed. As the exceptions of the petitioner must be overruled, we deal with the case without passing upon the question of the regularity of the proceeding begun by her.

It appears from the bill of exceptions that the petitioner is the defendant in an action of summary process brought by the Home Owners' Loan Corporation, under the provisions of G. L. (Ter. Ed.) c. 239, for possession of an apartment occupied by the petitioner in a two-family house. The action followed the foreclosure of a mortgage on the premises, given by the petitioner to the corporation before named. The apartment occupied by her is similar to the other apartment in the same house which rents for $30 a month. The value of the house and land is $6,000. The action was tried before a judge who found for the corporation, and the case went to judgment on Friday, May 21, 1937, at 10 A.M. The petitioner alleges that she "is desirous of appealing in said ejectment case, and has on Friday, May 21, 1937 after 10 A.M. attempted to appeal by offering a good and sufficient bond with good and sufficient surety in a reasonable and fair sum"; that the respondent has required her to "file a bond for $3,000 to prosecute her appeal"; that "the requirement of a bond for $3,000 is an abuse of discretion, grossly excessive in amount, and in effect deprives . . . [her] of the right of appeal and trial by jury." The petitioner prays that this court "correct the error and abuse of the action of the respondent, and order the acceptance of a bond with surety in such sum as is fair and reasonable, as of the date it was offered." The record of the action of summary process in the Municipal Court was not brought before the single justice and is not before us.

Under Rule 37 of the District Courts (1932) (see G. L. [Ter. Ed.] c. 235, § 3), "Judgment in civil actions and proceedings ripe for judgment shall be entered by the clerk, unless the party entitled thereto otherwise requests in writing and the court otherwise orders, in accordance with

G. L. ch. 235, § 2," and judgment may be entered by order of the court or by agreement of the parties at other times. G. L. (Ter. Ed.) c. 235, § 2, provides that judgments in civil actions and proceedings ripe for judgment in district courts shall be entered at ten o'clock in the forenoon of Friday of each week, with certain exceptions not here material. G. L. (Ter. Ed.) c. 231, § 97, provides that, in case of a judgment rendered in a district court in accordance with § 3 of c. 239, a party aggrieved may appeal to the Superior Court within twenty-four hours after entry thereof. G. L. (Ter. Ed.) c. 239, § 5, provides that if the defendant appeals from a judgment of a district court rendered for the plaintiff for possession of the land or tenements demanded, he shall, before such appeal is allowed, give bond on certain conditions except as provided in § 6. In such case, under § 6, where the action follows the foreclosure of a mortgage, it is provided that the condition of the bond shall be for the entry of the action and payment to the plaintiff, if final judgment is in his favor, of all costs and of a reasonable amount as rent of the land from the day when the mortgage was foreclosed until possession of the land is obtained by the plaintiff.

The judgment in the action of summary process appears to have been regularly entered on the day fixed under the provisions of G. L. (Ter. Ed.) c. 235, §§ 2, 3. The petitioner does not allege nor does it appear in the record that she actually claimed any appeal therefrom as provided in G. L. (Ter. Ed.) c. 231, § 97. It was, however, argued before us that her offer of bond after the entry of judgment constituted in legal effect an appeal therefrom. The true construction of the governing statutes is stated in *Snow* v. *Dyer*, 178 Mass. 393, at page 396, where the court said: "We have thus far considered the case as if the provisions of the statutes authorizing an extension of the time for entering into a recognizance, or filing a bond, were applicable to the action of forcible entry and detainer. But it is plain that they are not applicable. They expressly exclude from their operation such actions. St. 1877, c. 236, § 1. Pub. Sts. c. 155, § 29; c. 154, § 39. St. 1893, c. 396, § 25. For

many years it has been the policy of the Legislature to discourage appeals by the defendant in such an action, and such an appellant has been required to enter into a recognizance (since St. 1888, c. 325, to file a bond,) not only to pay the costs, but also to pay the rent due and to become due; St. 1825, c. 89, § 2; Rev. Sts. c. 104, § 10; and also the damage and loss sustained by the plaintiff by reason of the withholding of the demanded premises and by reason of any injury done thereto during the time of such withholding. St. 1848, c. 142. Gen. Sts. c. 137, § 9. Pub. Sts. c. 175, § 6. The reasons for such a policy are set forth in *Davis* v. *Alden*, 2 Gray, 309, and the exclusion of such an action from the operation of the statutes providing for the extension of the time of filing a bond is in accordance with it. In this class of actions, therefore, the law remains as before. The appeal must be taken within twenty-four hours and must be perfected within that time by the filing of a bond. Pub. Sts. c. 154, § 39; c. 155, §§ 28, 29." Under this construction, which is applicable to the statutes now embodied in the General Laws, it seems clear that the appeal must be claimed within twenty-four hours from the entry of judgment, and that it must be perfected by giving bond within that same period. The first condition of the bond is for the entry of the action (see *Pray* v. *Wasdell*, 146 Mass. 324, 327), that is, for the prosecution of the appeal. The bond is predicated upon a preëxisting appeal. The offer of bond by the petitioner was not the equivalent of an appeal, and as it does not appear that she did in fact appeal from the judgment in the action of summary process, she cannot be granted the relief she seeks.

*Exceptions overruled.*