LIBERTY MOBILEHOME SALES, INC. *vs.* RITA BERNARD & others (and
four companion cases). August 17, 1978. 1. The appeals of Martin,
Conti, the Millettes, and Bemnowicz are to be dismissed as they were
*not filed within the six days from judgment* allowed by G. L. c. 239,
§ 5, as appearing in St. 1975, c. 667, § 3, in effect at the time relevant
to these appeals. The judge of the Housing Court had no power to
extend the time for filing either the appeals or the bonds required by
that section. The power to extend was not given in c. 239, § 5, which
provided that appeals in summary process actions "*shall* be taken by
filing a notice of appeal within six days of entry of judgment" (empha-
sis supplied). See *Snow* v. *Dyer*, 178 Mass. 393, 395-396 (1901); *Megliola*
v. *Municipal Court of the West Roxbury Dist.*, 299 Mass. 325, 327-328
(1938). See also *Davis* v. *Alden*, 2 Gray 309, 311-312 (1854). Although
much of the older common law regarding the landlord-tenant relation-
ship has been changed by statute (see G. L. c. 239, § 8A) and by recent
judicial decisions (see *Boston Housing Authy.* v. *Hemingway*, 363 Mass.
184 [1973]), the justification of these older cases for summary disposi-
tion of eviction cases is still applicable. Nor can the power to extend
the time for filing an appeal be found in Mass.R.A.P. 4, 365 Mass. 846
(1974), which by its own terms is applicable only to periods of time
established by that rule. 2. There was error in the judge's denial of
Rita Bernard's motion to dismiss the summary process action brought
by the plaintiff to evict her from the mobile home park. The plaintiff
sent her a written notice giving the reasons for termination, dated
February 3, 1977, which was actually received by her on February 4,
1977. A summary process complaint dated February 17, 1977, and
returnable February 28, 1977, was served on Bernard on February 18,

1977. General Laws c. 140, § 32J, as amended by St. 1975, c. 692, regulates evictions from mobile home parks. It enumerates the possible grounds on which a mobile home owner may be evicted and provides that no summary process action shall be "maintained" unless the mobile home park licensee has given at least thirty days' written notice to the mobile home owner stating the reasons for the termination and notifying the owner that he has fifteen days from the date of the mailing of the notice in which to pay any rent due or cure any substantial violation of rules. The instant action was brought only fourteen days after the notice of termination was sent to the defendant. The defendant claims the action was brought prematurely. The plaintiff argues, however, that "maintain" as used in this section means to "continue" a suit which has already been brought and that, since thirty days elapsed between the giving of the notice and the judgment, the statutory requirements were met. Although the meaning of the word "maintain" can vary according to the context (see Black's Law Dictionary 1105 [rev. 4th ed. 1968]) and the purpose of the statute in which it is used, in the statute under our consideration the thirty-day notice provision is a procedural requirement with which compliance is necessary before a tenancy is terminated. The mobile home park licensee must wait for thirty days after he has sent the notice to commence his summary process action. Contrast *National Fertilizer Co.* v. *Fall River Five Cents Sav. Bank*, 196 Mass. 458, 460-461 (1907); *Giles* v. *Giles*, 293 Mass. 495, 499 (1936); *Commissioner of Corps. & Taxn.* v. *Aetna Life Ins. Co.*, 328 Mass. 404, 412 (1952), and cases cited, where incapacities of the parties were involved rather than a procedural requirement as in the instant case. As Bernard's motion to dismiss should have been granted and as her appeal was timely, we reverse the judgment of the Housing Court in her case and order that the action against her be dismissed. The appeals of the other defendants are dismissed.

*So ordered.*

*Ellen B. Kaplan (Gail L. Perlman* with her) for the defendants.
*William L. Cohn* for the plaintiff.