BROCKTON HOUSING AUTHORITY *vs.* ELIZABETH WILLIAMS. July 28, 1982. After the plaintiff had succeeded in obtaining a judgment for possession in a summary process action filed in a District Court, the defendant appealed to the Superior Court. In that court, a summary judgment was entered for the defendant. An affidavit filed by the defendant stated that after the receipt of a notice to quit dated July 23, 1980, "[s]he

has continuously paid rent to the Plaintiff from July, 1980 to the present date and that such rent has been accepted by the Plaintiff without reservation." The plaintiff filed no counter affidavit. Judgment was entered for the defendant under Mass.R.Civ.P. 56, 365 Mass. 824 (1974). We affirm.

1. The plaintiff claims that the defendant had no standing to appeal to the Superior Court because the requirements of G. L. c. 239, § 5, were not followed. The defendant on December 12, 1980, filed a timely notice of appeal and motion to set bond as required by that statute. The bond was not filed until February 18, 1981,[1] and the appeal was not entered in the Superior Court until February 19, 1981, despite the fourth sentence of G. L. c. 239, § 5, as appearing in St. 1977, c. 655, § 1, which provides that "such bond shall be conditioned to enter the action in the superior court . . . at the return day next after the appeal is taken." The plaintiff filed no motion in the Superior Court to dismiss the appeal, nor does it appear in the record that any objection to the defendant's appeal to that court was made to the Superior Court judge. In these circumstances we decline to consider the plaintiff's claim, based on *Liberty Mobilehome Sales, Inc.* v. *Bernard*, 6 Mass. App. Ct. 914 (1978), that the defendant was not properly in the Superior Court. It is for the trial judge to consider in the first instance how far slips in procedure "have interfered with the accomplishment of the purposes implicit in the statutory scheme and to what extent the other side can justifiably claim prejudice." *Schulte* v. *Director of the Div. of Employment Security*, 369 Mass. 74, 80 (1975). *Cape Cod Bank & Trust Co.* v. *LeTendre*, 384 Mass. 481, 484-485 (1981). Since the purpose of the statute is to protect the plaintiff-landlord, see *Davis* v. *Alden*, 2 Gray 309, 311-312 (1854), we fail to see how it can "justifiably claim prejudice" not having even raised the matter in the trial court. A judge's lack of power to grant an extension of time to file the bond, see *Liberty Mobilehome Sales, Inc.* v. *Bernard*, 6 Mass. App. Ct. at 914, does not necessarily mean the appeal must be dismissed. See *Vyskocil* v. *Vyskocil*, 376 Mass. 137, 139 (1978).

2. The question whether the plaintiff waived the rights conferred by the notice to quit "depends on the circumstances of the given case." *Slater* v. *Krinsky*, 11 Mass. App. Ct. 941, 942 (1981), and cases cited. If the plaintiff "had specific facts relating to the transaction" which would support its claim that waiver need not be found, the judge was justified in expecting them to be set forth in a counter affidavit. *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 558, 559 (1976). Not having even filed a counter affidavit, the plaintiff has failed to show that there is a genuine issue of material fact.

*Judgment affirmed.*

*Paul F. Lehan* for the plaintiff.
*Albert Jack Sims (Jean Stripinis* with him) for the defendant.

---

[1] The record does not indicate the date of filing of the bond, but both parties indicate in their briefs that February 18, 1981, is the date.