Zobel, J.
Defendant has leased the Plaintiff-landlord’s building at 6 Dudley St., Cambridge since December 1993. At that time, Plaintiff operated the premises without a permit as a rooming house, charging six or more persons rents exceeding those allowed by the extant rent control act. By the end of August, 1994, all other tenants had moved, leaving Defendant solely responsible for full payment of rent.
Defendant is a disabled veteran, and is unable to work. Until June 15, 1995, his main source of income was $462 monthly disability payments from the Massachusetts Office of Veterans Services. Unable to pay full rent, Defendant attempted to secure roommates, to one of whom the landlord objected and barred from the premises. As aresult the roommates have moved out and Defendant has up to now been unable to make regular rent payments.
As part of his defense on appeal, Defendant alleges that Plaintiff disconnected gas and electric service without his consent, and transferred the obligation to pay for hot water to the tenant in violation of the lease agreement. He also asserts that Plaintiff cut the telephone lines and began to demolish and renovate the apartment, leaving dust and debris throughout the living quarters.
On February 6, 1995, Plaintiff filed a Summary Process Summons and Complaint against Defendant. After a February 16, 1995 hearing, judgment was entered for Plaintiff for possession with execution to issue March 15, 1995. On February 27, 1995 Defendant filed a Notice of Appeal and Motion to Waive Appeal Bond and to Prosecute Appeal in Forma Pau-peris. On March 10, 1995, as a condition of permitting Defendant’s summary process appeal, the District Court ordered Defendant to make ongoing monthly rent payments of $545 pending the appeal.
Although Defendant paid the required amount in March, he was unable to pay in April, May, and June because of a delay in receiving his Social Security disability benefits. Defendant obtained retroactive payment of these benefits on June 14, 1995 and tendered the full amount of rent arrearages on June 15, 1995. At that time the payment was refused. Plaintiff eventually accepted payment on July 25, 1995.
Plaintiff now urges this Court to dismiss Defendant’s appeal for noncompliance with the District Court’s order of March 10, 1995 and to effect his eviction.
At issue is whether Defendant should be permitted to appeal a judgment against him despite his having failed to satisfy the conditions of appeal imposed by the District Court judge. The applicable statute, G.L.c. 239, §5, requires “any person for whom the bond has been waived to pay . . . pending appeal... all or any portion of rent which shall become due . . . ,” but does not explicitly require dismissal upon noncompliance, as Plaintiff asserts. The Court must therefore consider “how far slips in procedure have interfered with the accomplishment of the purposes [of the statute] and to what extent the other side can justifiably claim prejudice,” Brockton Housing Authority v. Williams, 14 Mass.App.Ct. 955, 956 (1982) (rescript), quoting Schulte v. Director of the Division of Employment Security, 369 Mass. 74, 80 (1975). The pertinent factors are: (1) the desire to decide landlord-tenant disputes on the merits; (2) the likelihood that the landlord will receive any rent due while the proceedings are pending; and (3) tenant hardship, Kargman v. Dustin, 5 Mass.App.Ct. 101, 106-07 (1977).
Defendant asserts that the failure to pay the required rental installments resulted from a delay in his receipt of Social Security disability benefits, not from disregard for the District Court’s order. The landlord-tenant statute protects tenants whose “neglect... to pay the rent due was caused by a failure or delay of the federal government... in the mailing or delivery of any subsistence . . . payment,” G.L.c. 186, §12. When this occurs, the Court “shall, if all rent due . . . has been tendered to the landlord within such time, treat the tenancy as not having been terminated,” id.
Moreover, Plaintiff here shares responsibility for Defendant’s inability to pay. Until he received his Social Security payments Defendant was unable to tender full rent without contribution from other tenants, yet Plaintiff interfered with his ability to keep roommates. Also, when Defendant requested verification of his residence and rent from his landlord for the final processing of his disability claim Plaintiff did not respond, thereby prolonging the delay in Defendant’s actual receipt of the payment.
When he received his overdue Social Security payments, Defendant tendered Plaintiff the full amount due. Yet Plaintiff repeatedly refused to accept. Accordingly, Plaintiff cannot credibly claim prejudice. At present, Plaintiff has received all rent due and payable. Furthermore, because of the increase in Defendant’s income from the Social Security disability payments, Plaintiff cannot plausibly suggest an insufficiency of funds to pay rent pending the decision on appeal.
Finally, Defendant is asserting substantial counterclaims, including rent overcharges, interference with tenant utilities, various code violations, and demolition of the apartment. Were his appeal dismissed, Defendant could not obtain a decision on the merits. Under the circumstances, neither dismissal of the appeal nor issuance of an execution is warranted at this time.
ORDER
Accordingly, it is Ordered that the Motion to Dismiss Appeal herein be, and the same hereby is, Denied.