NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

19-P-317                                        Appeals Court

U.S. BANK TRUST, N.A., trustee,[1] vs.  KELLY A. JOHNSON &
another.[2]

No. 19-P-317.

Worcester.     July 8, 2019. - October 24, 2019.

Present:  Green, C.J., Maldonado, & Hand, JJ.


Summary Process.  Housing Court, Jurisdiction.  Mortgage,
     Foreclosure.  Practice, Civil, Bond, Frivolous action,
     Summary process.  Statute, Construction.  Uniform Summary
     Process Rules.  Indigent.


Summary Process.  Complaint filed in the Worcester County
Division of the Housing Court Department on October 5, 2017.

A motion to set an appeal bond was heard by Diana H. Horan,
J.

The matter was reported to a panel of this court by Milkey,
J.


H. Esme Caramello for Harvard Legal Aid Bureau.
Alexa Rosenbloom for City Life/Vida Urbana.
Uri Strauss for Community Legal Aid, Inc.
Kelly A. Johnson, pro se.
Donald W. Seeley, Jr., for the plaintiff.

_____

[1] For the LSF9 Master Participation Trust.

[2] Patricia A. O'Dell.

The following submitted briefs for amici curiae:
Dawn R. Duncan, pro se.
Jean Mitchell, pro se.
Grace C. Ross, pro se.


GREEN, C.J.  This matter comes before us on a report and referral by a single justice of this court, pursuant to Mass. R. Civ. P. 64, as amended, 423 Mass. 1410 (1996), and Rule 2:01 of the Rules of the Appeals Court (1975).  In his memorandum and order of referral, the single justice framed three questions for consideration:  (1) whether the time period prescribed by G. L. c. 239, § 5, to file a motion for waiver of an appeal bond for an appeal from a judgment for possession in a summary process action is jurisdictional; (2) whether the plaintiff's failure to produce the original note secured by the mortgage it foreclosed to acquire its title to the property raises a nonfrivolous appellate issue, thereby justifying waiver of an appeal bond for an indigent defendant; and (3) whether the indigency of one, but not both, defendants in a summary process action may justify a waiver of the appeal bond requirement.  For the reasons that follow, we conclude that, though the ten-day period prescribed by G. L. c. 239, § 5, to file a motion for a waiver of the appeal bond is mandatory, it is not jurisdictional, as illustrated by circumstances such as those in the present case, in which the question of indigency cannot be determined as an abstract question but, instead, depends on the amount of the

required appeal bond and any required payments for use and occupancy during the pendency of the appeal, as compared to the resources available to the moving defendant. We also conclude that the defendants have raised a nonfrivolous issue for appellate consideration on the summary judgment record presented to the motion judge. Finally, while we agree that defendant Kelly A. Johnson has standing to raise her indigency as a ground for waiver of the appeal bond, we disagree with the defendants' suggestion that the indigency of one codefendant may serve as a basis to excuse another nonindigent codefendant from the requirement to post a bond. We accordingly vacate the order declining action on the motion to waive the appeal bond and the order setting the appeal bond and use and occupancy payments, and remand the matter for further proceedings consistent with this opinion.[3]

Background. The plaintiff, U.S. Bank Trust, N.A., as trustee for the LSF9 Master Participation Trust (U.S. Bank), claims title to certain residential property located at 18 Baxter Street, Worcester, pursuant to foreclosure of a mortgage granted by defendant Patricia A. O'Dell on December 27, 2011. O'Dell, together with her codefendant and daughter, Kelly A.

---

[3] We acknowledge the amicus curiae briefs filed by Harvard Legal Aid Bureau, City Life/Vida Urbana, Community Legal Aid, Inc., Grace C. Ross, Dawn R. Duncan, and Jean Mitchell.

Johnson, who also resides at the property, challenge the validity of U.S. Bank's title on various grounds arising from alleged defects in the foreclosure process.  After filing a summary process complaint in the Central Division of the Housing Court Department (Housing Court), U.S. Bank successfully moved for summary judgment and, following entry of judgment on November 5, 2018, the defendants timely filed a notice of appeal.[4]  On January 9, 2019, U.S. Bank filed a motion to set an appeal bond.  On January 29, 2019, the defendants filed a motion to waive the appeal bond.  On January 30, 2019, a judge of the Housing Court declined action on the motion to waive the appeal bond, with the following margin endorsement:  "motion cannot be considered as it is untimely filed (c. 239 sec. 5 & 6)."  On the same day, the Housing Court judge ordered that the defendants provide an appeal bond of $20,000 and pay $1,000 per month for the use and occupancy of the premises during the pendency of the appeal.  The defendants appealed from both orders to a single justice of this court, see G. L. c. 239, § 5 (f), who referred the matter for panel consideration.

---

[4] The defendants filed a motion for reconsideration of the order allowing summary judgment on November 13, 2018; it was denied on December 13, 2018.  Their notice of appeal, filed on December 24, 2018, was filed within ten days after the denial of their motion for reconsideration because December 23 was a Sunday.  See Mass. R. A. P. 4 (a) (2), as appearing in 481 Mass. 1606 (2019); Mass. R. A. P. 14 (a), as appearing in 481 Mass. 1626 (2019).

Discussion. 1. <u>Consequence of failure to move timely for waiver of appeal bond</u>. Appeals from judgments for possession entered in summary process actions are governed by G. L. c. 239, § 5 (§ 5), which requires any notice of appeal to be filed within ten days after the entry of the judgment for possession.[5] See G. L. c. 239, § 5 (<u>a</u>). Section 5 (<u>c</u>) requires the defendant to post a bond, payable to the plaintiff, "in a reasonable amount to be fixed by the court"; it also provides that "the bond filed shall be conditioned to enter the action in the appeals court." See <u>Adjartey</u> v. <u>Central Div. of the Hous. Court Dep't</u>, 481 Mass. 830, 858 (2019) (Appendix). A party may move to waive the appeal bond by filing the motion "together with a notice of appeal and any supporting affidavits, . . . within the time limits set forth in this section." G. L. c. 239, § 5 (<u>e</u>).[6] Upon a motion to waive the appeal bond, "[t]he court shall waive the requirement of the bond or security if it is satisfied that the person requesting the waiver has any defense which is not frivolous and is indigent." <u>Id</u>. It is settled that the ten-day

_____

[5] By contrast, a thirty-day appeal period applies to appeals from most civil judgments. See Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).

[6] General Laws c. 239, § 6, contains certain other provisions relating to the establishment of the bond in actions, such as the present one, brought for possession of property following a foreclosure sale. Those additional provisions are not germane to the issues raised in this appeal, and we accordingly need not describe them here.

period established by § 5 for filing a notice of appeal is jurisdictional and ineligible for enlargement. See Jones v. Manns, 33 Mass. App. Ct. 485, 489 (1992), citing Liberty Mobilehome Sales, Inc. v. Bernard, 6 Mass. App. Ct. 914 (1978).[7] The question of the present case is whether compliance with the time period prescribed for filing a motion to waive the appeal bond is a prerequisite to the Housing Court's authority to consider such a motion. In stating that she was unable to consider the defendants' motion, the Housing Court judge appears to have concluded that it is.

As in any question of statutory interpretation, we begin with the language of the statute. See Patriot Resorts Corp. v. Register of Deeds for the County of Berkshire, N. Dist., 71 Mass. App. Ct. 114, 117 (2008). In addition, "[w]hen the meaning of any particular section or clause of a statute is questioned, it is proper, no doubt, to look into the other parts of the statute." Commonwealth v. Williamson, 462 Mass. 676, 681 (2012), quoting Commonwealth v. Galvin, 388 Mass. 326, 328 (1983). "Statutes should be read 'as a whole to produce an internal consistency.'" Williamson, supra, quoting Commonwealth

_____

[7] In its brief filed in the present matter, amicus curiae Harvard Legal Aid Bureau suggests that, in furtherance of the access to justice concerns observed in Adjartey, 481 Mass. 830, the strict jurisdictional rule established by Liberty Mobilehome Sales, 6 Mass. App. Ct. 914, should be relaxed. The present case presents no cause to consider the broader question.

v. Fall River Motor Sales, Inc., 409 Mass. 302, 316 (1991). Our overarching objective is to discern the intent of the Legislature, based on the words used and the evident purpose for which the statute was enacted. See Board of Educ. v. Assessor of Worcester, 368 Mass. 511, 513 (1975).

As a threshold matter, we observe that § 5 does not prescribe a process or timeframe for setting an appeal bond. Rule 12 of the Uniform Summary Process Rules (2004) (rule 12) states that a "request for setting of bond" should be filed "within the time prescribed by G. L. c. 239, § 5." Rule 12 presumably refers to the ten-day timeframe for filing a notice of appeal established by § 5 (a). However, as the present case illustrates, that timeframe is not observed strictly in practice.[8] Section 5 is similarly silent on the timing of any hearing on the motion to set a bond; and though rule 12 provides that the court should hold a hearing within three days of the request for a bond, the record of the present case again illustrates that that directive is not strictly followed.[9] Neither § 5 nor rule 12 specifies the consequence of a late

---

[8] U.S. Bank filed its motion to set a bond on January 9, 2019, almost thirty days after the denial of the defendants' motion for reconsideration of the summary judgment and more than two months after the entry of judgment.

[9] The hearing on U.S. Bank's motion was held on January 30, 2019 - more than twenty days after the motion was filed.

request to set the appeal bond, though the judge in the present case did not treat U.S. Bank's failure to request a bond within ten days after the entry of judgment as a bar to acting on the request.[10]

Section 5 is similarly silent on the consequence of the failure by a defendant to move for waiver of the appeal bond within ten days after the entry of judgment. We note, however, that treating the ten-day period as a prerequisite to consideration of the motion would, as a practical matter, be tantamount to dismissal of an indigent defendant's appeal when such a defendant does not file a motion to waive the bond within the ten-day period. But the only reference to dismissal of an appeal contained in § 5 appears in § 5 (h), which requires a defendant who has requested review of the bond to pay the bond set by the reviewing court within five days of receipt of the decision of the reviewing court; if that deadline is missed -- and only if that deadline is missed -- § 5 (h) directs that "the appeal from the judgment shall be dismissed."

Other practical considerations suggest that the ten-day period is not an absolute prerequisite to consideration of a

---

[10] We do not suggest that a deadline set by statute or rule may be ignored simply because it is routinely disregarded in practice. We include the observation simply to highlight the contrast between the manner in which essentially similar deadlines for a request to set the appeal bond and a motion to waive the appeal bond were treated in the present case.

motion to waive the appeal bond. Any motion to waive the bond must be accompanied by affidavits establishing, among other things, that the defendant is "indigent" within the meaning of G. L. c. 261, § 27A. See G. L. c. 239, § 5 (e). That statute, in turn, defines indigency by reference to three alternative standards. Though two of those are determinable without reference to variables of the proceeding,[11] the third examines whether the person "is unable to pay the fees and costs of the proceeding in which he is involved or is unable to do so without depriving himself or his dependents of the necessities of life, including food, shelter and clothing." G. L. c. 261, § 27A. That inquiry is necessarily dependent on the amount of the fees and costs at issue. In other words, to determine if a person will be unable without undue hardship to pay for the bond and use and occupancy, the amounts of the bond and use and occupancy payments must first be identified.[12] Finally, we note that U.S.

---

[11] The first two categories of indigency look to whether the person receives public assistance under certain specified programs, or whether the person's income, after taxes, is 125 percent or less than the current Federal poverty line. G. L. c. 261, § 27A.

[12] We also note that the affidavit of indigency a party must submit in support of a motion to waive the appeal bond based on the third category requires the affiant to attest that she is unable to pay the fees and costs of the proceeding "without depriving [herself] or [her] dependents of the necessities of life, including food, shelter and clothing." G. L. c. 261, § 27A. In other words, if a motion to waive an appeal bond is required to be filed before the amount of the appeal bond is

Bank has identified no prejudice that would result if a request for waiver of the appeal bond is not made until after the bond itself is set.

In sum, though the statute sets a ten-day period following the entry of judgment for a defendant to file a motion to waive the appeal bond, it is silent on the consequence of a failure to do so. The Housing Court appears routinely to treat a similar time period for requesting a bond under rule 12 as advisory rather than mandatory, and practical considerations suggest strongly that in many circumstances the information essential to a determination of indigency will be unknown until after the bond is set. We conclude that the ten-day period prescribed by § 5 for filing a motion to waive the appeal bond is not a jurisdictional prerequisite to consideration of such a motion.[13] Cf. United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1631-1632 (2015) (enactment of statute of limitations does not bar

---

determined, a moving party claiming indigency under the third category would be required to swear to an inability to pay despite having no information about the amount of the required payment.

[13] To be sure, some reasonable parameters must apply to the time by which a motion to waive (or set) the appeal bond must be brought. Our conclusion in the present case is not that such a motion may be brought at any time, but simply that the failure to comply strictly with the ten-day limit prescribed by § 5 does not negate the court's authority to consider the motion.

judicial consideration of equitable tolling absent clear statement by Congress).

Because the Housing Court judge believed she was without authority to consider the defendants' motion to waive the appeal bond, she did not address the other two questions framed by the single justice in his referral. We comment briefly on both, as they have been briefed and argued by the parties, and they bear on the proceedings that will occur on remand.

2. <u>Nonfrivolous defense</u>. The defendants assert that U.S. Bank's failure to produce the original mortgage note for examination renders its foreclosure fatally invalid, based on their interpretation of the holding in <u>Eaton</u> v. <u>Federal Nat'l Mtge. Ass'n</u>, 462 Mass. 569 (2012).[14] For present purposes, we need not reach the defendants' argument in its full breadth; it is enough to observe that the affidavit upon which U.S. Bank relied to establish that it held the note at all relevant times was based on the "best . . . knowledge, information and belief" of the affiant. See and compare <u>Khalsa</u> v. <u>Sovereign Bank, N.A.</u>, 88 Mass. App. Ct. 824, 828-829 (2016). Though the affiant also appears to assert that she based her averments on her examination of U.S. Bank's business records, the questionable

---

[14] In <u>Eaton</u>, 462 Mass. at 584-586, the Supreme Judicial Court held that a foreclosing mortgagee must establish that it either holds the note secured by the mortgage or that it is acting on behalf of the note holder.

form of the affidavit may alone be enough to lift the defendants' appeal beyond the frivolous.  See Tamber v. Desrochers, 45 Mass. App. Ct. 234, 237 (1998), quoting Pires v. Commonwealth, 373 Mass. 829, 838 (1977) ("The idea of frivolousness is something beyond simply lacking merit; it imports futility, not 'a prayer of a chance'").

3.  Johnson's standing as a defendant.  U.S. Bank asserts on appeal that Johnson is ineligible to move for waiver of the appeal bond because she is without standing to raise a defense based on a claim that its foreclosure was invalid.  However, to the contrary, Johnson is a tenant in possession of the premises to which U.S. Bank claims title based on its foreclosure.  It is immaterial to Johnson's standing as a defendant in an action by a party claiming a superior title in the property that she was not a party to the note on which U.S. Bank's foreclosure (and hence its claim of title) rests; indeed, if O'Dell had rented the premises to third parties who held over following the foreclosure, those tenants would similarly be entitled to raise as a defense in any action for possession a claim that the foreclosure, and resulting claim of title, were invalid.  See Attorney Gen. v. Dime Sav. Bank of N.Y., FSB, 413 Mass. 284, 285 n.4 (1992).

That Johnson is entitled to move for a waiver of the appeal bond based on her claim of indigency does not, however,

determine the question of an appeal bond for all purposes of this appeal. The purpose of the bond requirement is to provide security for a party who has obtained a judgment for possession of property during the pendency of an appeal, and the purpose of the waiver of the bond requirement is to preserve the rights of indigent defendants in such actions who wish to pursue a nonfrivolous defense on appeal, despite their inability to post the ordinarily required bond. That Johnson may be excused by her indigency from the bond requirement does not resolve the question whether O'Dell should be excused from the bond requirement as well (if she is not indigent).[15]

Conclusion. We conclude that the Housing Court judge erred in her conclusion that she was without authority to consider the defendants' motion to waive the appeal bond. The order declining action on the motion to waive the appeal bond and the order setting the bond and use and occupancy payments are vacated, and the matter is remanded to the Housing Court for further proceedings consistent with this opinion.

So ordered.

---

[15] The record does not address the question of O'Dell's indigency. We note that O'Dell did not submit an affidavit of indigency with the motion for waiver of the bond, and U.S. Bank in its pleadings has included some suggestion that O'Dell is not indigent.