JAMES J. McCARTHY & another[1] *vs.* RICHARD T. HARRIS & another.[2] February 17, 1984. *Landlord and Tenant,* Tenancy at will, Waiver, Termination of tenancy.

In this summary process action, a Superior Court judge, sitting without jury, ordered judgment for the plaintiffs and the defendant tenants have appealed. The judge filed a memorandum of decision in which he found certain facts. In the following summary we refer to facts found by the judge and to other facts contained in the record which are undisputed and do not involve the credibility of witnesses.

On or about April 30, 1979, the plaintiffs purchased a two family dwelling house, located in West Roxbury. The defendants were tenants at will of the first floor of the premises.[3] The monthly rent for their premises was $300 payable in advance on the first day of the month.[4] On October 26, 1981, the plaintiffs caused a "Notice to Terminate Tenancy at Will" to be served on the defendants. The notice called for the defendants to deliver the premises "at the expiration of that month of your tenancy which shall begin next after this date (October 26, 1981)." The notice also provided that "any monies accepted by [the plaintiffs] after . . . receipt of this notice is [*sic*] accepted for the use and occupation of said premises without waiving any rights pursuant to this notice and reserving all other rights." On December 14, 1981, the plaintiffs filed a summary process action in a District Court, seeking possession of the first floor premises. On March 26, 1982, judgment entered for the plaintiffs, its execution stayed for six months. The defendants appealed from the decision to the Superior Court, and judgment entered in that court in favor of the plaintiffs on July 23, 1982. After receipt by the defendants of the notice to terminate and during the court proceedings, they remained in possession and continued to pay $300 from December, 1981, through July, 1982. The checks were paid on or about the first of each month. Each check stated, on its face, that it was for rent. The plaintiff Bernadette McCarthy cashed the monthly checks within a few days of their receipt. She endorsed the checks with the following legend: "All monies accepted

---

[1] Bernadette McCarthy.

[2] Kay Harris.

[3] One of the defendants, Richard T. Harris, is an attorney and represented his wife and himself during the proceedings, including the appeal. It is evident from the record that Mr. Harris is well versed in the intricacies of real estate law.

[4] Throughout the proceedings below, the defendants asserted, as an alternative theory, that they were tenants under a lease. The judge found that there was no lease and decided the case under the law applicable to tenants at will. The argument that a lease existed has not been pursued on appeal.

as payment for use and occupation of premises and without in any way waiving any of landlords' rights, especially those pursuant to notice to quit."

1. The defendants contend that the notice to terminate their tenancy was waived by the plaintiffs' acceptance and cashing of the checks tendered to them by the defendants as "rent" for the premises. The judge found that there was no waiver by the plaintiffs. We agree.

A notice to terminate a tenancy may be waived if a landlord accepts rent for a time subsequent to the expiration of the notice. *Jones* v. *Webb,* 320 Mass. 702, 705 (1947). *Slater* v. *Krinsky,* 11 Mass. App. Ct. 941 (1981). Although the "payment and acceptance of rent for a period in advance of occupancy, standing alone, are prima facie proof of the creation of a tenancy at will [citation omitted] and the fact of payment and acceptance is controlling if nothing else appears [citation omitted] other facts may permit or require a finding that the landlord did not intend to waive his right to possession." *Gordon* v. *Sales,* 337 Mass. 35, 36 (1958). There was sufficient evidence, other than the payment and acceptance, to permit the judge to make the finding that there was no waiver of the notice to terminate the tenancy. That notice was unequivocal in stating that any monies paid by the defendants to the plaintiffs was accepted for use and occupancy of the premises and did not waive any of the plaintiffs' rights pursuant to the notice. Similar language was placed on each of the defendants' checks underneath the plaintiff Bernadette McCarthy's endorsements. In addition, one of the defendants, Mr. Harris, had a relationship with the case (see note 3, *supra*) that was different from that of the usual tenant. During the entire period that the defendants tendered their monthly "rent" checks, Mr. Harris, as an attorney, represented the interests of his wife and himself. In his role as an attorney he filed an answer to the plaintiffs' complaint, filed discovery motions, and was trial counsel. He had firsthand knowledge that the plaintiffs consistently maintained their position that the monthly checks were for use and occupancy and not for rent. We have examined the other contentions of the defendants on this point and find them to be without merit.

2. The defendants argue that the plaintiffs' notice to terminate the defendants' tenancy was defective because of an asserted inconsistency between its first and last paragraphs. While the last paragraph, at most, creates some slight uncertainty over the plaintiffs' intended characterization of the imminent November 1 payment, it is of little consequence. As previously mentioned, Mr. Harris is an attorney who represented the interests of his wife and himself throughout the case. He has not asserted, nor does the record demonstrate, that he was actually misled to his detriment in any respect by the language of the notice.

*Judgment affirmed.*

*Richard T. Harris* for the defendants.
*Donald M. Hadge* for the plaintiffs.