ROCKPORT SCHOONER CO., INC. *vs.* ROCKPORT WHALE WATCH CORP. No. 01-P-48. May 29, 2003. *Summary Process,* Notice to quit. *Landlord and Tenant,* Termination of lease.

The plaintiff-landlord filed a summary process action in the Gloucester District Court, seeking to recover possession of property located in Rockport. Following a trial, judgment entered for the defendant-tenant. The landlord appealed to the Superior Court, which affirmed. In a memorandum of decision, the Superior Court judge held that the landlord's fourteen-day notice to quit for nonpayment of rent was invalid because the notice was "ambiguous as to the tenant's right to cure."

The parties had entered into a five-year commercial lease, commencing March 1, 1998, and requiring rent payments three times per year. The lease contained no termination provisions. The tenant did not make the payment due on March 1, 2000, and the landlord served a "14 Day Notice to Quit" upon the tenant on March 3, 2000. The landlord filed its summary process action on March 23, 2000, and the tenant failed to cure its nonpayment of rent before April 3, 2000, when its answer was due.

General Laws c. 186, § 11A, governing the termination of written nonresidential leases for nonpayment of rent, entitles the landlord (absent lease provisions addressing the topic) to terminate the lease by "at least fourteen days notice to quit, given in writing." The tenant can cure the nonpayment if, on or before the day the tenant's answer is due on the landlord's action to recover possession, the tenant pays the full rent due, plus interest and costs. *Ibid.* Cases decided over the past century and one-half have established the basic requirements for the form of a notice to quit. See, e.g., *Oakes* v. *Munroe*, 8 Cush. 282, 287-288 (1851); *Currier* v. *Barker*, 2 Gray 224, 226-227 (1854); *U-Dryvit Auto Rental Co.* v. *Shaw*, 319 Mass. 684, 685 (1946). See generally Warshaw, Massachusetts Landlord-Tenant Law § 4:8 (2d ed.

2001). The critical element is the inclusion of a time period (here, at least fourteen days following the date of notice) in which the tenant is required to quit the premises.

The notice to quit in the present case was labeled "14 Day Notice to Quit," and it directed the tenant, by reason of its nonpayment of rent, to surrender the premises within fourteen days of receiving the notice. The notice also contained the following supplemental language:

> "Please be advised that any money paid to the landlord after receipt of this notice is accepted without waiving any right to reacquire possession of the premises and without any intention of reinstating your tenancy."[1]

The tenant argues that the notice to quit is misleading, in that the supplemental language suggested that the tenant had no right to cure the nonpayment. However, there is no explicit statutory requirement that a landlord notify a tenant under a written lease of the tenant's right to cure. Contrast G. L. c. 186, § 12 (requiring such notice in case of a tenancy at will). While it is true that, even absent a statutory requirement to notify a tenant of its right to cure, a notice to quit may be rendered invalid by false or misleading statements, see, e.g., *Maguire* v. *Haddad*, 325 Mass. 590, 593-594 (1950); *McCarthy* v. *Harris*, 17 Mass. App. Ct. 1002, 1003 (1984), the tenant overstates the misleading effect of the language in the notice sent by the landlord in the present case. While the notice could perhaps be clearer, it appears designed to ensure that the landlord would not waive its right to recover possession in the event it accepted any payments from the tenant. See *Corcoran Mgmt. Co.* v. *Withers*, 24 Mass. App. Ct. 736, 744 (1987).[2] There is no indication in the record that the tenant was actually misled to his detriment; indeed, the parties' joint pretrial memorandum did not mention any claim that the notice misled the tenant to believe it was without a right to cure the nonpayment.[3] See *McCarthy* v. *Harris, supra.* In addition, though we do not intimate that a different result would obtain under a residential lease, we note that the present dispute concerns a commercial lease between business entities, who are in a better position to understand and protect their rights than a residential tenant might be.

The judgment is vacated, and the case is remanded for entry of a new judgment awarding possession to the landlord.[4]

*So ordered.*

The case was submitted on briefs.
*Paul F. Murphy* for the plaintiff.
*Howard L. Visnick* for the defendant.

---

[1]The quoted language was taken nearly verbatim from a model practice form. See Warshaw, Massachusetts Landlord-Tenant Law § 3.10 (1987).

[2]The landlord could better achieve the same purpose by stating that the landlord's acceptance of payment of *less than the full amount due* would not waive the landlord's right to possession.

[3]The case appears to have been presented to the Superior Court judge on a statement of stipulated facts.

[4]In light of our disposition, we need not reach the landlord's alternative argument that the lease was terminated by the tenant's failure to maintain insurance on the property as required by the lease.