# RESCRIPT OPINIONS.

ADAM VISNICK & another[1] *vs.* VAUGHAN HAWLEY, individually and as trustee,[2] & others.[3] No. 06-P-614. May 21, 2007. *Practice, Civil,* Relief from judgment. *Landlord and Tenant,* Quiet enjoyment. *Damages,* Breach of covenant of quiet enjoyment.

The defendant Rockport Schooner Company, Inc., as landlord, commenced an action for possession against the plaintiff Rockport Whale Watch, Inc., as tenant, based upon the latter's nonpayment of rent under a commercial lease.[4] A judgment entered in the tenant's favor in the District Court, and the landlord appealed.[5] While that appeal was pending, the plaintiffs' complaint in the present action was tried in the Superior Court, and a jury returned a verdict in the plaintiffs' favor on their claim that the landlord had breached its obligations under the lease by interfering with the tenant's right of possession.[6] Following the entry of judgment, and the denial of the defendants' motion under Mass.R.Civ.P. 59(a), 365 Mass. 827 (1974), the defendants filed a timely notice of appeal on April 24, 2003, directed to the "jury verdict in favor of [the plaintiffs] on count I [the plaintiffs' claim for breach of lease] only."

On May 29, 2003, in our opinion in *Rockport Schooner Co.* v. *Rockport Whale Watch Corp.,* 58 Mass. App. Ct. 910 (2003), we vacated the judgment in the tenant's favor in the landlord's earlier action for possession, and directed entry of a judgment awarding possession to the landlord. On July 24, 2003, the defendants moved on the strength of that judgment for relief from the judgment in the present action, under Mass.R.Civ.P. 60(b)(5) and 60(b)(6), 365 Mass. 828 (1974), based on the ground that the award of possession to the landlord invalidated an essential premise on which the plaintiffs' claim was submitted to the jury: that the tenant occupied the leased premises under

---

[1]Rockport Whale Watch, Inc.

[2]Of Nine Tuna Wharf Realty Trust.

[3]Ann M. Stickney, individually and as trustee of Nine Tuna Wharf Realty Trust, and Rockport Schooner Company, Inc.

[4]The plaintiff Visnick is the principal of Rockport Whale Watch, Inc. The defendants Hawley and Stickney are the principals of Rockport Schooner Company, Inc. They are also cotrustees of the Nine Tuna Wharf Realty Trust and, in that capacity, hold title to a portion of the premises leased by Rockport Schooner Company, Inc., to Rockport Whale Watch, Inc.

[5]The appeal progressed first to the Superior Court, and then to this court. See *Rockport Schooner Co.* v. *Rockport Whale Watch Corp.,* 58 Mass. App. Ct. 910 (2003).

[6]The jury found in the defendants' favor on the plaintiffs' claim for intentional interference with business relations, and the judge found in the defendants' favor on the plaintiffs' claim under G. L. c. 93A. Neither party raises any issue concerning those rulings in the present appeal.

a valid lease for the entire period covered by the tenant's claim of breach. A judge of the Superior Court denied the defendants' motion, and the defendants filed no notice of appeal from that order.

In the present appeal, the defendants argue that (i) the motion judge erred in denying their rule 60(b) motion, because a commercial tenant at sufferance enjoys no right of quiet enjoyment, and accordingly no right to recover damages for interference with its possessory interest, and (ii) the evidence of damages presented at trial did not support the jury's award.

The first question, though perhaps interesting, cf. *Brown* v. *Guerrier*, 390 Mass. 631, 635 (1983), is not before us, since the defendants did not appeal the order denying their rule 60(b) motion. See *Griffin* v. *Westfield*, 35 Mass. App. Ct. 324, 328-329 & n.6 (1993). See also *New Bedford Hous. Authy.* v. *Olan*, 435 Mass. 364, 372 (2001). The question finds no place in the direct appeal from the judgment itself, as it arose solely from the postjudgment reversal of the judgment in the landlord's prior action for possession, was accordingly based on postjudgment events, and was raised by the defendants only in their rule 60(b) motion.

On the question of damages, the jury were free to consider any diminution in the value of the premises to the tenant resulting from the landlord's interference with the tenant's possession, as compared to the $70,000 in aggregate rent it paid for the period between 1999 and 2001. Moreover, the jury heard evidence that the tenant's business incurred losses of $61,000 in 2000 and $53,567 in 2001, after earning profits of $28,564 in 1999, and they were free to attribute the decline in fortunes at least in part to the landlord's disruption of the tenant's possession. See *Dyecraftsmen, Inc.* v. *Feinberg*, 359 Mass. 485, 488 (1971). "The plaintiff [is] not required to prove its lost profits with mathematical precision. Under our cases, an element of uncertainty is permitted in calculating damages and an award of damages can stand on less than substantial evidence." *Herbert A. Sullivan, Inc.* v. *Utica Mut. Ins. Co.*, 439 Mass. 387, 413 (2003), quoting from *Ricky Smith Pontiac, Inc*, v. *Subaru of New England, Inc.*, 14 Mass. App. Ct. 396, 426 (1982). It is unnecessary to detail the other evidence supporting the tenant's claim for damages. The evidence was sufficient to support the jury's award of $85,000 in damages.

*Judgment affirmed.*

*Paul F. Murphy* for the defendants.
*Robert S. Wolfe* for the plaintiffs.