NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-444

ALEXANDER THAYER

vs.

JARED GOSSELIN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The underlying action concerns plaintiff Alexander Thayer's complaint against employees of the North Dartmouth house of correction (HOC) wherein he asserts that the HOC employees falsely arrested and detained him, assaulted and battered him, withheld necessary medical treatment, and threatened him to coerce a confession for drug possession.  A jury trial was held in the Superior Court.  At the close of Thayer's case, the defendants moved for a directed verdict; the judge allowed it as to some counts.[2]  At the close of evidence, Thayer moved for a

---

[1] Eric Roque, Matthew Boyer, Christopher Goncalves, and Steven Souza.

[2] Directed verdicts were allowed as to all counts against Steven Souza and Eric Roque, as to counts 5 and 10 against Jared

directed verdict, and the judge denied that motion.  The jury

returned a verdict in the defendants' favor on the remaining

counts.  A judgment entered on the directed verdict and a

separate judgment entered on the jury verdict.  On appeal from

both judgments, Thayer asserts that the judge committed two

evidentiary errors which require relief from this court.[3]

Discerning no abuse in the judge's evidentiary decisions, we

affirm.

---

Gosselin, as to counts 7 and 12 against Christopher Goncalves, and as to counts 8 and 13 against Matthew Boyer.  The remaining counts were counts 1, 3, and 4, alleging assault and battery; counts 15, 17, and 18, alleging civil rights violations under 42 U.S.C. § 1983; and count 20, alleging civil conspiracy, all against Jared Gosselin, Matthew Boyer, and Christopher Goncalves.

[3] Thayer filed three postjudgment motions, including a motion for judgment notwithstanding the verdict, a motion for relief from judgment, and a motion for new trial.  The judge denied each motion.

In his notice of appeal, Thayer states that he appeals from the judgments on directed verdict and the jury verdict. However, in his brief, he asserts that the judge abused his discretion in denying the postjudgment motions.  When asked about the discrepancy between his notice of appeal and brief at oral argument, Thayer's counsel conceded that he was appealing the admission and exclusion of a docket sheet and a special investigations unit report.  He also stated he sought to appeal "everything that is appealable."  Accordingly, we address only the evidentiary issues in this decision as they are the only appealable issues before us; the orders on the postjudgment motions are not before us in this appeal.  See Mass. R. A. P. 3 (c) (1) (A) (ii), as appearing in 491 Mass. 1601 (2023) (in civil cases, notice of appeal "shall designate" "the judgment, decree, adjudication, or separately appealable order from which the appeal is taken").  See also Visnick v. Hawley, 69 Mass. App. Ct. 901, 902 (2007).

Docket sheet.[4]  Thayer asserts that the judge erred in admitting a District Court docket sheet (exhibit 17) that revealed the reason why Thayer's probation was revoked.  He claims it was prejudicial impeachment evidence and "wholly immaterial" to the issue at trial.  Thayer also claims that the introduction of the docket sheet was "ambush" evidence because it was not proffered during the pretrial meetings, and he had not previously reviewed it.  We disagree.

Thayer specifically put at issue the reason for his probation revocation.  On direct examination, Thayer testified that he was placed on probation for using his mother's credit card without her permission in March 2015; he was charged with credit card larceny and credit card fraud, in violation of G. L. c. 266, §§ 37B (b) and 37C (e).  Thayer explained that after he "missed two appointments with [his] probation officer," he was subsequently detained at the HOC in September 2016.  His counsel asked him to confirm "the reason for your violation was the fact that you missed those appointments?"  Thayer answered, "Correct, yes."

During cross-examination, the defendants introduced the docket sheet to impeach Thayer's explanation for his probation revocation.  The docket sheet indicated that, on September 24,

_____

    [4] In his brief, Thayer refers to the exhibit as the District Court "order."

3

2016, Thayer was charged with assault and battery on a family or household member, G. L. c. 265, § 13M (a).[5]  Defense counsel inquired, "Isn't it fair to say, Mr. Thayer, that the reason you were sent to the [HOC was] because a judge found that you committed a serious offense and that you had a history of defaults in Rhode Island and in Massachusetts, correct?  That's what it says, right?"  Thayer responded, "That's what it says, but . . . I did not assault anyone."

The evidence elicited by defense counsel was relevant and admissible to impeach Thayer's testimony.  Thayer opened the door to this line of cross-examination when he misrepresented to the jury why his probation was revoked.  He testified that his probation was revoked merely because he missed two meetings with his probation officer, whereas the record shows that his probation was revoked because he was charged with assault and battery on a family or household member.  The defendants were entitled to rebut Thayer's testimony regarding the reason for his probation revocation.  See Commonwealth v. O'Brien, 35 Mass. App. Ct. 827, 834 (1994).  Furthermore, Thayer's credibility was of the utmost importance in this matter because there was little to no evidence regarding the alleged assault.  See Commonwealth v. White, 70 Mass. App. Ct. 71, 77 (2007) (credibility central

---

[5] That charge was ultimately dismissed.

4

to case with lack of physical evidence).  Thus, the reason for Thayer's probation revocation became highly relevant.  See Commonwealth v. Hoffer, 375 Mass. 369, 373 (1978).

As to Thayer's assertion that the introduction of the docket sheet was "ambush" evidence, we also are not persuaded. Thayer, who participated in the probation revocation proceedings, obviously knew the basis of the revocation, and the docket sheet was public information available to Thayer and his counsel.  At oral argument, Thayer's counsel stated that he had no reason to check the docket because he trusted that Thayer was truthful when he told him why his probation was revoked. Counsel's failure to review the docket before trial does not make the introduction of the document an "ambush."  Accordingly, the admission of the docket sheet was not an abuse of discretion.  See Laramie v. Philip Morris USA Inc., 488 Mass. 399, 414 (2021) ("We review a trial judge's evidentiary decisions under an abuse of discretion standard" [citation omitted]).

Special investigations unit (SIU) report.  Thayer also asserts that it was error for the judge to exclude the entirety of an SIU report.  He maintains that the SIU report "was admissible to the extent that it contained [the defendants'] statements given to the SIU investigators that were inconsistent with their reports and/or what appears on the photos and video."

5

Further, Thayer asserts that the judge denied him "the opportunity to cross examine [the defendants] on the statements they made to SIU shortly after the incident."  Again, we disagree.

The judge did not bar Thayer from presenting evidence about statements contained in the SIU report.  In fact, the judge allowed the parties to question the defendants on the substance of their statements contained in the SIU report.  The judge stated that the SIU report contains "the statements of some of the individual [d]efendants which I have indicated to you I would allow you to get those particular statements in."  During the cross-examination of defendant Christopher Goncalves, Thayer's counsel asked about the SIU report, specifically, "Do you recall being asked by the SIU investigators as to why six people were required to conduct this second strip search?"[6]  The judge sustained the defendants' objection.  Thayer's counsel did not make an offer of proof as to the purpose of the question.  Instead of taking this as an opportunity to rephrase the question or ask about other alleged prior inconsistent statements, Thayer's counsel turned to another line of questioning unrelated to the SIU report.  Thus, the judge did

_____

[6] This question was an attempt to impeach Goncalves's testimony since he previously testified that there were only two people in the cell.

not abuse his discretion in excluding the SIU report's introduction nor did he bar Thayer from introducing statements from the SIU report.  See Laramie, 488 Mass. at 414.

Judgments entered November 30, 2022, affirmed.

By the Court (Singh, D'Angelo & Hodgens, JJ.[7]),

Clerk

Entered:  July 11, 2025.

---

[7] The panelists are listed in order of seniority.